## KIRCHGESTNER v. DENVER & RIO GRANDE WESTERN R. CO.

No. 7370. Decision granting rehearing Dec. 14, 1950 (225 P.2d, 754).
For original opinion see 118 Utah 20, 218 P.2d, 685.
For final judgment on rehearing see 118 Utah 41; 233 P.2d, 699).

See 4 C. J. S. Appeal and Error, sec. 1411. Setting aside release on ground of mistake, see 96 A.L.R. 1144. See also, 45 Am. Jur. 684 et seq.

*Van Cott, Bagley, Cornwall & McCarthy,* and *Clifford L. Ashton,* all of Salt Lake City, for appellant.

*Rawlings, Wallace, Black & Roberts, Dwight L. King,* and *Wayne L. Black,* all of Salt Lake City, for respondent.

WOLFE, Justice.

The appellant's petition for rehearing is granted to allow us to consider on its merits the question of whether the lower court erred in refusing to instruct the jury that in order to avoid the release executed by the plaintiff, he must prove a mutual mistake of fact by ▮ clear and unequivocal evidence. As stated in our opinion, the appellant requested the court to instruct the jury that the plaintiff must prove mutual mistake by "clear and unequivocal evidence", but the court refused the request and instead instructed that proof of a mutual mistake need appear only by a "preponderance of the evidence." We held that because the appellant had not taken an exception to the instruction given by the court, we could not review that instruction on its merits. However, in the appellant's brief in support of its petition for rehearing, it is called to our attention that the appellant did take an exception to the refusal of the trial court to give the requested instruction. We think that excepting to the refusal to give the requested instruction by the appellant was tantamount to excepting to the instruction given by the lower court and that the appellant by its exception to the court's refusal to give its requested instruction, gave the trial court an opportunity to rectify its refusal had it so desired.

In actions arising under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq., in which a general release executed by the plaintiff is relied upon by the defendant as a bar to the former's action, whether the evidence of an alleged mutual mistake of fact which will justify the jury in setting aside the release must appear by "clear and unequivocal" evidence or "clear, unequivocal and convincing"evidence or only by a "mere" or "fair" preponderance of the evidence, is not entirely free from doubt. However, the case of *Callen* v. *Pennsylvania Railway Co.*, 3 Cir., 162 F.2d 832, 835, sheds considerable light on the question. In that case an action was brought by a railroad brakeman to recover for injuries sustained by him in the course of his employment. When a release executed by the brakeman was relied upon by the railroad as a bar to his action, he contended that it was entered into under a mutual mistake of fact. The trial judge failed to instruct the jury that clear and convincing evidence of a mistake of a material fact was needed in order to set the release aside. The Circuit Court of Appeals for the third circuit held that the law required such standard of proof, citing *Chicago & N. W. Ry. Co.* v. *Wilcox*, 8 Cir., 116 F. 913, 914, and Restatement of Contracts, Secs. 502, 511. Because of that omission and other errors by the trial court the case was remanded for a new trial. Upon certiorari to the Supreme Court of the United States, 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242, the judgment of the Circuit Court of Appeals reversing the case for a new trial was affirmed, without comment by the Supreme Court as to the propriety of requiring the jury to find mutual mistake by "clear and convincing" evidence. However, four justices dissented, being of the opinion that releases under the F. E. L. A. should not be governed by the same rule which applies to seamen in admiralty cases, viz., that the party relying on the release as a bar has the burden of establishing that it was entered into fairly and without fraud or mistake.

For other cases arising under the F. E. L. A. requiring the proof of mutual mistake to be "clear and convincing", see *Great Northern Railway Co.* v. *Reid*, 9 Cir., 245 F. 86, 157 C.C.A. 382, (citing the Wilcox case, supra) and the recent case of *Chicago & N. W. Ry. Co.* v. *Curl*, 8 Cir., 178 F.2d 497.

In support of its contention that evidence of mutual mistake need only appear by a preponderance of the evidence and need not be "clear and convincing", the plaintiff relies upon *Kansas City So. Ry. Co.* v. *Sanford*, 182 Ark 484, 31 S.W.2d 963, 966; certiorari denied 283 U.S. 825, 51 S.Ct. 347, 75 L. Ed. 1439. In that case the court applied the law of Arkansas because it had been unable to find that the federal law was to the contrary and because it was it was of the opinion that even if the federal law were to the contrary, it would not be binding upon the courts of Arkansas because the degree of proof necessary to avoid the release of a cause of action arising under the F. E. L. A. was a procedural and not a substantive matter, and hence the law of the forum should be applied. Assuming that the law of the forum applies, we recently held in *Jimenez* v. *O'Brien*, 117 Utah 32, 213 P. 2d 337, that a release can be avoided only if the evidence is clear, unequivocal and convincing.

It not being free from doubt what degree of proof applies, a rehearing is granted to allow the parties to reargue and submit further authority on that question only.

WADE, LATIMER, and McDONOUGH, JJ., concur.

PRATT, Chief Justice, concurs in granting a rehearing but does not believe it should be limited as to issues for reargument.