## KIRCHGESTNER v. DENVER & RIO GRANDE WESTERN R. CO.

No. 7370.  Judgment on rehearing, June 19, 1951  (233 P.2d, 699).

42

See 64 C.J., Trial, sec. 771. Release from personal injury liability. mistake as ground for avoidance of. 45 Am. Jur., Release, Secs. 19, 20. 117 A.L.R., 1022.

*Van Cott, Bagley, Cornwall & McCarthy* and *Clifford L. Ashton,* all of Salt Lake City, for appellant.

*Rawlings, Wallace, Black, Roberts & Black* and *Dwight L. King,* all of Salt Lake City, for respondent.

WOLFE, Chief Justice.

The appellant's petition for rehearing was granted in this case to allow us to consider on its merits the question whether the trial court erred in denying the appellant's request that the jury be instructed that in order to avoid the release executed by the respondent, he must ■ prove a mutual mistake of fact by "clear, unequivocal" evidence. Instead, the court charged the jury that a mutual mistake of fact need only be proved by a "preponderance of the evidence." For the facts of the case, see our original opinion, 118 Utah 20, 218 P. 2d 685.

Upon the authorities cited in our opinion granting the petition for rehearing, 118 Utah 37, 225 P. 2d 754, we conclude that the lower court erred in the particular above mentioned and that such error necessitates a reversal of the case for a new trial. It would serve no useful purpose to further discuss those authorities here.

It is argued by counsel for the respondent that assuming the trial court erred in refusing to give the appellant's requested instruction, such error was not prejudicial because no reasonable mind could believe that the instruction given was the cause of the verdict rendered, and that ■■ the giving of the appellant's requested instruction would not have changed the result. Needless to say, that argument is highly conjectural. Unfortunately, there is no method by which we can now ascertain whether the jury's verdict would have been different had they been instructed that a mutual mistake of fact must be proved by "clear and unequivocal" evidence instead of by a "preponderance of the evidence." However, this court cannot presume that a

jury would disregard their instructions to the extent that their verdict would be constant irrespective of the degree of proof required. We do think it a highly desirable, if not a necessary practice, however, when a jury is charged that a certain fact must be proved by "clear and unequivocal" evidence or "clear and convincing" evidence, that the court define such terms in order that the jury might fully understand the extent of the burden on the plaintiff. Such terms become much more meaningful when defined in simple language and when compared to the degree of proof ordinarily required in civil cases, viz. by a "predonderance of the evidence." Without some such aid, a jury might easily gloss over the terms without fully realizing their import and that a higher degree of proof is called for than ordinarily required in civil cases.

We had occasion recently to examine the expression, "clear and convincing" evidence. See ■ *Greener* v. *Greener,* 116 Utah 571, 212 P. 2d 194.

There we remarked that:

"for a matter to be clear and convincing to a particular mind it must at least have reached the point where there remains no serious or substantial doubt as to the correctness of the conclusion. A mind which was of the opinion that it was convinced and yet which entertained, not a slight, but a reasonable doubt as to the correctness of its conclusion, would seem to be in a state of confusion."

Further, we said: ■

"That proof is convincing which carries with it, not only the power to persuade the mind as to the probable truth or correctness of the fact it purports to prove, but has the element of clinching such truth or correctness. Clear and convincing proof clinches what might be otherwise only probable to the mind."

See *Southwestern Bell Telephone Co.* v. *City of San Antonio, Texas,* D. C. Texas, D. C., 4 F. Supp. 570, 573 where it was stated that proof is not "clear and convincing" if the court entertains a reasonable doubt.

It is pointed out by the respondent that in the federal cases relied upon by us as authority for holding the trial court in error, the juries were required to find mutual mistake by "clear and convincing" evidence and not by "clear and unequivocal" evidence. Respondent argues that the word, "unequivocal," imposes upon him a greater burden than do the words, "clear and convincing," and hence the lower court was justified in rejecting the appellant's requested instruction. While perhaps it would be the better practice in cases brought under the Federal Employer's Liability Act, 45 U. S. C. A. § 51 et seq., to instruct in the terms employed by the federal courts, the use of the word, "unequivocal," is not erroneous. The dictionary definition of the word, "unequivocal," is as follows: "Not doubtful; not ambiguous; clear; sincere." Thus if the word unequivocal means not doubtful, not ambiguous or clear as employed in this context, that term casts no burden upon the respondent which was not already upon him by virture of the word "clear." We believe the Federal rule requiring "clear and convincing" evidence is preferable.

The respondent also contends that the giving of the appellant's requested instruction would not have eliminated the error complained of because in instruction No. 4 the court charged the jury that the burden was upon the respondent to prove by a preponderance of the evidence the several elements of his cause of action, including the element that the release was entered into under a mutual mistake of fact. No exception was taken to this instruction by the appellant. Clearly, this contention must fail. Instruction No. 4 and the appellant's requested instruction are harmonious. The latter was supplementary to the former and explained the extent to which the evidence of mutual mistake must be found to preponderate. It must be kept in mind that terms such as "mere preponderance" and "clear and convincing" only describe degrees of prepon-

deration. They are not terms denoting different types or kinds of proof.

Judgment reversed. Case remanded to the district court for a new trial.

WADE, LATIMER, McDONOUGH and CROCKETT, JJ., concur.