330 P.2d 1018

Raymond B. MAXFIELD, Plaintiff and Respondent,

v.

The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a corporation, Defendant and Appellant.

No. 8854.

Supreme Court of Utah.

Oct. 23, 1958.

184

Van Cott, Bagley, Cornwall & McCarthy,. Clifford L. Ashton, Sterling D. Colton, Salt Lake City, for appellant.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for respondent.

CROCKETT, Justice.

Defendant railroad appeals from a judgment of $5,000 entered upon a jury verdict in favor of the plaintiff for injuries suffered in the course of his work for the railroad.

The plaintiff, employed as bridge builder and carpenter, was on the afternoon of July 25, 1955, riding in the back of a railroad truck a few miles west of Green River, Utah, when the truck tipped over, throwing him out. He suffered various cuts and bruises and a dislocated shoulder. After plaintiff was released from the hospital, the defendant's claim agent, Mr. Eugene K. Stephen, procured plaintiff to sign

a release of any claim against the railroad for the sum of $710.

In bringing the action, plaintiff contended that the release was invalid because it was obtained by duress in threatening that he would lose his job if he refused to accept the settlement; and upon the ground of mutual mistake of fact that plaintiff had no permanent injuries. The railroad confessed liability because of negligence of its truck driver, but stood upon the release as valid. The court therefore submitted only two issues to the jury: whether the release was valid, and if not, the amount of plaintiff's damages.

The only problem of significance here presented is posed by the fact that the court instructed the jury that the plaintiff had the burden of proving the invalidity of the release by a "preponderance" of the evidence; whereas the defendant contends the requirement should have been "clear, unequivocal and convincing" evidence.

 The correctness of the rule that one who attacks such a release has the burden of proving its invalidity is not doubted.[1] Under Utah law, in order to overcome the effect of a release or other written instrument, the contrary evidence must be clear and convincing. This rule has been firmly established in the decisional law of this state for many years.[2] However, the instant case is not controlled by those decisions, nor does the instant case affect the law of our state. It was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and federal law is applicable, as recognized in Kirchgestner v. Denver, R. G. W. R. Co.[3]

In the Kirchgestner case this court thought that the federal rule also required the higher quantum of proof to avoid a release, relying on the apparent assumption by the United States Supreme Court that such was the rule in Callen v. Pennsylvania R. R. Co.[4] However, we are mindful that since that case there have been indications that in F.E.L.A. cases the requirement is only proof by a preponderance of evidence. In the Callen case just referred to, Justices Black and Douglas joined in a dissent advocating that such cases should be governed by the Admiralty Rule, even more favorable to the employee: that the defendant employer has the burden of proving that the release was not obtained by fraud. In Dice v. Akron, Canton & Youngstown R. R. Co.[5] the majority reversed an F.E.L.A. case, 155 Ohio St. 185,

1. Purvis v. Pennnsylvania R. R. Co., 3 Cir., 198 F.2d 631.
2. Jiminez v. O'Brien, 117 Utah 82, 213 P. 2d 337; Northcrest, Inc., v. Walker Bank & Trust, 122 Utah 268, 248 P.2d 692; Paulsen v. Coombs, 123 Utah 49, 253 P. 2d 621.
3. 118 Utah 37, 225 P.2d 754.
4. 3 Cir., 162 F.2d 832; 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242.
5. 342 U.S. 359, 72 S.Ct. 312, 318, 96 L. Ed. 398.

98 N.E.2d 301, on the ground of denial of a jury trial. Justice Frankfurter wrote a separate concurrence in the reversal for the reason that the trial court, as to the avoidance of a release, had applied the rule of clear, unequivocal and convincing evidence, stating:

"Such proof of fraud need only be by a preponderance of the relevant evidence."

citing Union Pacific R. R. Co. v. Harris.[6] This was concurred in by Justices Reed, Jackson and Burton. It thus appears that at least six of the justices were opposed to requiring the employee to meet the higher burden of proof to avoid the effects of a release.

Subsequent to the Dice case the Third Circuit Court of Appeals considered the matter in Purvis v. Pennsylvania R. R. Co.[7] and said:

"Until Dice v. Akron, C. & Y. R. R. Co. * * * it had been assumed that the federal rule was that the evidence had to be clear, unequivocal and convincing * * *. That test was followed by us in Callen v. Pennsylvania R. Co. * * * Callen was affirmed by the Supreme Court * * *, but the above precise question was not formally passed upon by the Court. * * * Mr. Justice Frankfurter who

had been of the majority in Callen wrote the dissenting opinion in Dice * * *. Mr. Justice Jackson, who wrote the Callen decision, Mr. Justice Reed and Mr. Justice Burton joined with him. The dissent agreed with the majority on reversal but thought that the case should be returned for further proceedings ' * * * on the sole question of fraud in the release.' * * * and went on to say that, 'Such proof of fraud need be only by a preponderance of relevant evidence.' * * *

"We are satisfied that if and when the problem is squarely before the Supreme Court the rule pronounced will be in accord with Mr. Justice Frankfurter's above quoted language and therefore, in fairness to the district judges of this circuit and to ourselves, we adopt that test for this circuit in applicable instances." [198 F.2d 633.]

The Purvis case has been cited with approval by the United States Supreme Court in South Buffalo Railroad Company v. Ahern,[8] wherein it commented that the benevolent aims of the F.E.L.A. are not subverted by full and fair compromises, but that the court has zealously scrutinized them to see that they were "untainted by fraud or overreaching."

6. 158 U.S. 326, 15 S.Ct. 843, 39 L.Ed. 1003.

7. See footnote 1, supra.

8. 344 U.S. 367, 73 S.Ct. 340, 343, 97 L.Ed. 395.

The Court of Appeals of the First Circuit in Camerlin v. New York Central Railroad Company,[9] in regard to the rule of higher proof advocated by the defendant, had this to say:

> "This may have been the rule at one time but, at least as applied to cases under the Federal Employers' Liability Act, we take the federal rule now to be, as was indicated in the recent case of Purvis [supra] that it is enough if the employee establishes, by a preponderance of the relevant evidence, the facts invalidating the release."

█ Upon the basis of the foregoing analysis, it appears that the trial court was correct in concluding, and in instructing the jury, that the weight of evidence necessary to the avoidance of a release under the Federal Employers' Liability Act is the same as applied to issues of fact in civil matters generally: the preponderance of the evidence.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and WADE and WORTHEN, JJ., concur.

HENRIOD, Justice (dissenting)

I dissent, suggesting that the main opinion has given us a new and novel principle, that of anticipatory stare decisis. Denuded, it says that: 1) Since Justices Black and Douglas, in an uncontrolling dissent,[1] advocated the admiralty rule requiring an *employer* to sustain the burden of proving the *validity* of a release;[2] and 2) since Justices Frankfurter, Reed, Jackson and Burton, in another dissent in an entirely different case,[3] chose to espouse the "preponderance" rule as against the then existing "clear and convincing" rule,[4] it follows that those six gentlemen would adopt the "preponderance" rule, given the chance. Hence, reasons the majority opinion, we may as well announce it for them.

Such manner of syllogistic reasoning, so far as I am aware, is foreign to our system of jurisprudence, save as it may be found in Purvis v. Pennsylvania Ry. Co.,[5] a U. S. Circuit Court decision relied on by the main opinion. That case, in my mind, is no authority for the rule that presumptuously is enunciated there for and on behalf of the U. S. Supreme Court. The

9. 199 F.2d 698, 704; this rule also followed in Allison v. Chicago Great Western. R. R. Co., 240 Minn. 547, 62 N.W.2d 374.
1. Callen v. Pennsylvania R. R. Co., 1948, 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242.
2. Thus rejecting the rule that an *employee* must sustain the burden of proving the *invalidity* of a release by "clear and convincing" evidence, and thus rejecting the

rule that an *employee* must sustain the burden of proving the invalidity of a release by a "preponderance" of the evidence.
3. Dice v. Akron C. & Y. R. R. Co., 1952, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398.
4. Callen v. Pennsylvania R. R. Co., supra; Kirchgestner v. Denver, R. G. W. R. Co., 1950, 118 Utah 20, 218 P.2d 685.
5. 3 Cir., 1952, 198 F.2d 631, 633.

rule was not an issue in the case. Anything said about it was strictly obiter, as is reflected in the opening statement of its discourse on the subject, when it was said that *"Though of but collateral interest in this particular case it is important to comment at this time on the quality of proof necessary to set aside a release in this type of action."*

The Purvis case relied entirely on the language of Mr. Justice Frankfurter in Dice v. Akron C. & Y. R. R. Co., cited below, in arriving at its strange conclusion that you can add up two different dissents involving two entirely different rules, and conclude that one of those rules is the law because the Supreme Court would say so, given the opportunity. It is equally strange that the only authority [6] cited by Mr. Justice Frankfurter in the Dice case, which he claimed supported the rule he enunciated, did not even discuss the rule or any other rule relating to quality or quantum of proof.

The reasoning of the majority opinion wholly fails to take into account the fact that time often stills the voices of Justices of the Supreme Court, as already it has done with three of the foursome led by Mr. Justice Frankfurter in the Dice case, leaving him alone to front for the "preponderance" rule so far as any divination we might indulge is concerned. It fails to take account of the malleability of thinking reflected in the history of the high court, and it fails to take into account the fact, that by the same kind of reasoning indulged by the main opinion and the Purvis case, we could predict that at present only Justice Frankfurter would hold out for the "preponderance" rule, while Justices Black and Douglas would dissent from his opinion, in favor of the radically different admiralty rule where the burden of proof actually is shifted from the plaintiff to the defendant. Where the other six gentlemen on the court would go is equally as much a matter of divination as that found in the main opinion and the Purvis case.

---

**6.** Union Pacific R. R. Co. v. Harris, 1895, 158 U.S. 326, 15 S.Ct. 843, 39 L.Ed. 1003.