400 P.2d 16

Archie M. HAYWOOD and George Haywood, Administrators of the Estate of Mark Haywood, Deceased, Plaintiffs and Appellants,

v.

Darlene GILL, Administratrix of the Estate of Violet Gertrude Peasley, Deceased, Defendant and Respondent.

Nos. 10180, 10204.

Supreme Court of Utah.

March 18, 1965.

1. Title 77–63–1, Utah Code Annotated 1953 (1963 Pocket Supplement, p. 105).

2. State v. Ringo, 14 Utah 2d 79, 377 P.2d 646 (1963).

William J. Cayias, Salt Lake City, for appellants.

Alan D. Frandsen, Salt Lake City, for respondent.

CROCKETT, Justice.

This is an action to recover and bring into the estate of Mark Haywood certain property: a one-half interest in a home located at 36 North 8th West, Salt Lake City; a joint bank account at Zion's First National Bank, remaining balance $1350; and a quantity of money (supposedly about $3200) which he allegedly kept in a metal box in his home.

In 1955, decedent's daughter, Violet Gertrude Peasley, had moved into her father's home to take care of him during his remaining years. On April 23, 1956, he created a joint tenancy bank account with her.

A few days later, on April 26, 1956, he executed a deed to his interest in the home to his daughter, reserving to himself a life estate. Violet lived with and cared for her father until he died August 12, 1961, at the age of 87 years. About three months later, on November 15, 1961, Violet passed away. This suit was instituted to recover from her estate the property above mentioned.

As to the deed of decedent's interest in the home to his daughter: the evidence and the entire complexion of the transaction reasonably support the trial court's findings that the deed was given in consideration of her promise to take care of her father during his lifetime, which condition she faithfully performed. Assuming the situation of confidence and trust claimed by plaintiffs, their father went to the office of an attorney in 1956, had this deed prepared, and duly executed it. Even though Violet was with him, the trial court could reasonably suppose that the attorney gave independent counsel concerning the transaction.[1] Furthermore, the decedent lived for about five years thereafter. The evidence is that he was an alert, strong-minded man up to about six weeks before his death, yet there is no indication that he manifested any dissatisfaction with what he had done.[2]

1. See Omega Investment Company v. Wooley et al., 72 Utah 474, 271 P. 797; In re Swan's Estate, 4 Utah 2d 277, 293, 293 P.2d 682.

2. See In re Lavelle's Estate, 122 Utah 253, 248 P.2d 372, 378.

**302**

As to the bank account: The observations stated above also have a bearing generally on this aspect of the case. The joint tenancy with right of survivorship in the account was established in 1956. Plaintiff's protestations that it is not shown that Violet ever contributed to or deposited any money in this account is not of controlling significance. Upon the basis of the documentary and other evidence, the trial court could regard the account as just what it purported to be, and that the decedent intended to endow her with co-ownership and right of survivorship either as an executed gift and/or in consideration of her promise to care for him during the remainder of his life. In view of the documentary foundation of his findings, in the absence of clear and convincing evidence to the contrary, they should not be disturbed.[3]

In regard to the mysterious box and the uncertain quantity of money: the fact that it was seen there and that Violet kept the house does not compel a finding that she took this money. Others, including the plaintiffs, had access to the house, and insofar as is shown, no one has any more than their respective suspicions of each other as to where the money went.

Inasmuch as there is ample basis in the evidence to justify the trial court's

conclusion that the plaintiffs failed to sustain their burden of proving that the claimed property belonged to their father's estate, he properly dismissed the complaint.

Affirmed. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.

---

3. See Greener v. Greener, 116 Utah 571, 212 P.2d 194; and Northcrest, Inc. v.

Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 692.