409 P.2d 615

UNIVERSAL C. I. T. CREDIT CORPORATION, a corporation, Plaintiff and Appellant,

v.

Richard D. NELSON and Jesse E. Nelson, dba Holladay Used Cars, and Richard D. Nelson, and Jesse E. Nelson as individuals, Defendants and Respondents.

No. 10300.

Supreme Court of Utah.

Jan. 12, 1966.

2. Cederloff v. Whited, 110 Utah 45, 169 P.2d 777; Smith v. Gallegos, 16 Utah 2d 344, 400 P.2d 570.

Alan D. Frandsen, Salt Lake City, for appellant.

Alan H. Bishop, Salt Lake City, for respondents.

HENRIOD, Chief Justice:

Appeal from a judgment of no cause of action against defendant, Jesse E. Nelson. Affirmed. Costs to Jesse.

Jesse's son Richard took a chance in the used car business. Plaintiff took a chance on Richard and financed him. Richard started to fail and ultimately went broke. While in this financial difficulty, plaintiff obtained a written guarantee from Richard's father Jesse. Jesse said he did not know he was signing such an instrument, but rather a dealer's bond. One thing in Jesse's favor is that the plaintiff, not he, solicited the guarantee and signature, after Richard was on the way out. Plaintiff sued and obtained judgment against Richard but a no cause of action against Jesse from which latter plaintiff appeals.

The record reflects considerable substantial evidence to the effect that the plaintiff knew or reasonably should have known of Richard's financial predicament at the time it sought the father's guarantee, that it did not disclose that fact to him, but on the contrary affirmatively represented that Richard had a good business and was in good shape financially.

Plaintiff says Jesse is 1) liable as a partner which does not seem to be borne out by the record nor convincing to the trial court, and 2) that the father was a surety. There is some evidence to support the latter conclusion, but under the whole record and the particular facts of this case reflected therein, where Richard was in serious trouble financially, all of which was known or should have been known to plaintiff, leads one to believe and conclude

that the trial court did not err; where there was no disclosure of the facts but a representation otherwise,—and this, under the principle that any intentional failure to disclose must be shown by clear and convincing evidence.

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.