439 P.2d 468

**BEEHIVE STATE BANK, a corporation, Plaintiff and Appellant,**

v.

**Deon ROSQUIST et al., Defendants, First Security Bank of Utah, N.A., a corporation, Garnishee,**

**Fred L. Painter, Intervenor and Respondent.**

No. 11053.

Supreme Court of Utah.

April 4, 1968.

Robert M. Anderson, Stephen D. Swindle, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for appellant.

Will L. Hoyt, Nephi, for defendants.

L. Ridd Larsen, of Ray, Quinney & Nebeker, Salt Lake City, for garnishee.

ELLETT, Justice.

The Beehive State Bank was a judgment creditor of Ila R. Painter, and during her lifetime it attached a joint checking account standing in the names of Ila R. Painter and Fred L. Painter, her husband. Upon the death of Ila, her personal representative was substituted as a defendant in the case. The respondent, Fred L. Painter, intervened and moved the court to release the funds from garnishment. In support thereof he filed an affidavit wherein he stated that the funds deposited in said account were at the respective times of deposit his sole property and not the property of his wife. He further states in the affidavit that he and his wife were indebted to the garnishee bank in an amount greater than the joint account. Beehive made no effort to counter this affidavit. The court granted the respondent's motion and ordered the funds released from garnishment.

The Beehive State Bank appeals, contending that since Ila could have withdrawn all of the funds and kept them, it as a judgment creditor is entitled to apply all of the funds held by the garnishment in satisfaction of its judgment against Ila R. Painter.

There is no claim made that there is any formal defect in the garnishment proceedings. However, the respondent claims all of the funds as his own by reason of the original ownership thereof as set forth in his affidavit.

It is well settled that a joint bank account is subject to garnishment by

a judgment creditor of only one of the joint depositors. However, it has also been held that where the depositor has no interest in the joint bank account, although his name is on the signature card, the account is not subject to garnishment under a levy of execution by his judgment creditor. See 30 Am.Jur.2d, Executions, § 800, wherein it is said:

> In jurisdictions applying the general rule that joint bank accounts are vulnerable to seizure by the judgment creditor of one depositor, the courts usually hold that the judgment creditor's rights are limited to the amount of the funds in the account equitably owned by the debtor depositor and do not extend to funds equitably owned by the other depositor. Thus, the view has been expressed that if the evidence shows that the depositors have an equal right to the funds in the joint account, a garnishing creditor of one of them may recover one-half of the moneys in such account. * * *

Cases discussing this point are collected in the annotation in 11 A.L.R.3d 1473 (1967). Decisions are listed from the United States Federal Courts, as well as from the States of Arkansas, California, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, and Texas. Only Minnesota has held the entire fund to be subject to garnishment by a judgment creditor of one of the depositors.

The law regarding rights of parties to joint accounts has been on shifting sands in Utah. Prior to 1934 the survivor's right was established only by his showing, by a preponderance of the evidence, that a joint tenancy had in fact been created or that a completed gift of the fund had been made to him. The court did not then regard the contract with the bank as being sufficient proof to establish a joint tenancy agreement between the parties, and so extrinsic proof was required. Holman v. Deseret Savings Bank, 41 Utah 340, 124 P. 765 (1912); Columbia Trust Co. v. Anglum, 63 Utah 353, 225 P. 1089 (1924).

In the case of Holt v. Bayles, 85 Utah 364, 39 P.2d 715, decided in 1934, this court thought that the bank depositors' signature card purporting to create a joint tenancy was sufficient in and of itself to create a joint interest of each depositor in and to the fund, absent a showing of fraud, mistake, incapacity, or other infirmity. In 1941 this court attempted to place a limitation upon the Holt case when it had before it the case of Neill v. Royce, 101 Utah 181, 120 P.2d 327. This latter case involved a contest between a third party and a codepositor and did not involve the rights of a surviving codepositor to a fund. At page 188 of the Utah Reports at page 330 of 120 P.2d this court said:

> Holt v. Bayles, supra, and the conclusive principle therein laid down that "intention ceases to be an issue and the

courts are bound by the agreement" is not controlling under the circumstances of the instant case; nevertheless, there remains a presumption of joint tenancy where both cotenants are alive.

Cardozo, C. J., in his concurring opinion in Moskowitz v. Marrow, 251 N.Y. 380, 167 N.E. 506, 512, 66 A.L.R. 870, points out that

"the plain implication is that as between the depositors themselves, the form of the deposit gives rise to a presumption and nothing more, but that after the death of either leaving a deposit then subsisting, the presumption becomes conclusive as to the title of the survivor."

This view is consistent with our opinion expressed in Holt v. Bayles, supra, and in this case.

This presumption, injected by courts of equity since ancient time, continues and can be overcome by the intervener only by clear and convincing proof to the contrary.

The Neill case thus holds that the contract of joint tenancy raises a presumption of the joint interest which can be overcome *by an intervenor* only by clear and convincing proof to the contrary. See Braegger v. Loveland, 12 Utah 2d 384, 367 P.2d 177.

In 1960 this court was not ready to break entirely with its holding in Holt v. Bayles, supra, and in the case of First Security Bank of Utah v. Demiris, 10 Utah 2d 405, 354 P.2d 97, said at page 408 of the Utah Reports, at page 99 of 354 P.2d

\* \* \* But there is another question to consider: in view of the circumstances disclosed by the evidence as to the creation of the account, and the fact that the defendant withdrew the money for her own purposes *prior to the decedent's death*, where was the ownership of that money? (Emphasis added.)

In that connection it should be stated that we are not here disagreeing with the ruling in the case of Holt v. Bayles, but it is significantly different from this case. It dealt with money remaining in a joint account *after the death of one of the parties*. The presumption was applied that such money passed to the surviving joint tenant, which seems sound in view of the necessity of some certainty in dealing with such accounts. It is to be recognized that the bank or other depository is normally protected in permitting withdrawal by either signator. But as between the parties themselves, the situation may be different. (Emphasis added.)

In 1961 Holt v. Bayles, supra, was overruled by the case of Tangren v. Ingalls, 12 Utah 2d 388, 367 P.2d 179. At page 390 of the Utah Reports, at page 181 of 369 P.2d this court said.

It is of passing interest to note that in earlier times in cases dealing with such

accounts, this court indicated a view that a survivor claiming the fund after the death of the original owner had the burden of showing that the latter intended to make a gift of the fund. But that view is long since outmoded. * * *

And at page 394, at page 184 of 367 P.2d the court said:

* * * [W]here there is a written agreement of joint tenancy with right of survivorship, there is a presumption of validity and it will be given effect unless it is successfully attacked for fraud, mistake, incapacity, or other infirmity, or unless it is shown by clear and convincing evidence that the parties intended otherwise; *and further, that such rule is applicable whether the parties are living or where death has intervened.* * * * (Emphasis added.)

In 1965 this court decided Haywood v. Gill, 16 Utah 2d 299, 400 P.2d 16, stating at page 302 of the Utah Reports, at page 18 of 400 P.2d:

* * * The joint tenancy with right of survivorship in the account was established in 1956. Plaintiff's protestations that it is not shown that Violet ever contributed to or deposited any money in this account is not of controlling significance. Upon the basis of the documentary and other evidence, the trial court could regard the account as just what it purported to be, and that the de-

cedent intended to endow her with co-ownership and right of survivorship either as an executed gift and/or in consideration of her promise to care for him during the remainder of his life. In view of the documentary foundation of his findings, in the absence of clear and convincing evidence to the contrary, they should not be disturbed.

The case of Culley v. Culley, 17 Utah 2d 62, 404 P.2d 657 (1965), affirms the holding in the Tangren case in the following language at page 63 of the Utah Reports, at page 658 of 404 P.2d:

* * * We recognize that from a recital of joint ownership with the right of survivorship there arises a presumption that such is the fact. But it is, of course, not absolute and invulnerable to attack. * * *

The latest pronouncement by this court is in the case of Hanks v. Hales, 17 Utah 2d 344, 411 P.2d 836, decided in 1966, wherein it was held that the recited facts of joint tenancy with right of survivorship as set forth in the written agreement must be given effect unless it is successfully attacked on some proper ground, and that it can only be overcome by clear and convincing evidence.

■ It seems to us that what all of the recent cases in Utah have been trying to say is this:

If the contract between the parties ostensibly creates a joint tenancy relationship with full right of survivorship, there arises a presumption that such is the case unless and until some interested party shows under equitable rules that the contract should be reformed to show some other agreement of the parties or that the contract is not enforceable because of fraud, mistake, incapacity, or other infirmity.

We hold that the law is as above indicated.

■ We are of the opinion that this case cannot be settled by a summary judgment based upon the undisputed evidence now before the court. The interest of Ila R. Painter in and to the fund while she was alive, if any she had, should be applied toward the satisfaction of the appellant's judgment against her.

The judgment of the trial court is, therefore, reversed with directions to proceed in accordance with this opinion. The appellant is entitled to its costs.

CROCKETT, C. J., and TUCKETT, J., concur.

CALLISTER, J., concurs in the result.

HENRIOD, Justice (dissenting).

I dissent, but concur in the observation that joint accounts have been on shifting sands in Utah. I might add that the same is true elsewhere. I have no quarrel with the general principles enunciated in the main opinion but hesitate to say they are apropos here.

Painter filed an affidavit, saying he was the sole contributor to the joint account. It stood unchallenged at the time of motion for summary judgment.[1] Perhaps no one could refute the affidavit. At least no one did. That results in a factual situation where there was a survivor of a joint account. Presumably he owned it all. There was no pleading, proof or offer of proof to refute the contention by clear and convincing evidence based on equitable principles. The trial court was faced with a situation where there existed no genuine issue of fact, and there remained only a question of law. In concluding that the account was not subject to attachment, I believe the trial court followed the only course consonant with the rules of civil procedure and the cases attempting to construe them. The trial court should be sustained on procedural grounds alone, although I concede that the action of this court in hurdling the rules by remanding the case to take evidence could eventuate in a different result on the shifting joint account sands of Utah,—which, because of this case, may shift again.

1. This case seems to be reminiscent of Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624 (1960).