442 P.2d 472

The CONTINENTAL BANK AND TRUST COMPANY, Administrator, d/b/n with Will Annexed of the Estate of Walter D. Thomas, Plaintiff and Appellant,

v.

Clisbee KIMBALL, Administrator of the Estate of Fern K. Thomas, Zions Savings & Loan Association; American Savings & Loan Association, Utah Savings & Loan Association, Deseret Federal Savings & Loan Association; Prudential Federal Savings & Loan Association, and State Savings & Loan Association, Defendants and Respondents.

No. 11125.

Supreme Court of Utah.

June 12, 1968.

Dale E. Anderson, of Fabian & Clendenin, Salt Lake City, for appellant.

Arthur H. Nielsen, of Nielsen, Conder, Hansen & Henriod, Joseph S. Nelson, Salt Lake City, for respondents.

ELLETT, Justice:

The appellant brought an action to bring into the estate of Walter D. Thomas some accounts in various savings and loan institutions standing in the joint names of Walter D. Thomas and Fern K. Thomas. The sole issue on appeal is whether the appellant can introduce evidence to alter the apparent contractual relationship in connection with those joint accounts.

Mr. Thomas died September 27, 1965, and subsequently thereto, during the probate of his estate, his wife, Fern K. Thomas, died. She was a second wife and not the mother of his children.

All of the accounts save one were opened prior to January 1, 1962. On that date a statute became effective providing as follows:

When savings or share account is opened in any association or federal savings and loan association in the name of two or more persons, whether minor or adult, in such form that the moneys in the account are payable to either or the survivor or survivors then such account and all additions thereto shall be the property of such persons as joint tenants. * * * The opening of the account in such form shall, in the absence of fraud, or undue influence, be conclusive evidence in any action or proceedings to which either the association or the surviving party or parties is a party, of the intention of all of the parties to the account to vest title to such account and the additions thereto in such survivor or survivors. * * *

[Laws of Utah 1961, Ch. 17, Sec. 38]

Sec. 66 of Ch. 17, Laws of Utah 1961, provides:

* * * [T]he obligations of any such existing association, whether between such association and its members, or any of them, or any other person or persons, or any valid contract between the members of any such association, or between such association and any other person or persons, existing at the time this act takes effect, shall not be in any way impaired by the provisions of this act, * * *

The trial court ruled that Sec. 38 above applied to the case and, therefore, dismissed the appellant's complaint with prejudice. The appellant claims error by the ruling and cites various cases of this court to the effect that joint tenancy bank accounts have been interpreted so as to permit an interested party to show that the true intent of the depositors was contrary to that effect which the law gives to joint accounts. Aside from the statute, we can see no reason to think that a joint account in a building and loan association would be different from one in a commercial bank.

■ As to the account opened after the enactment of the statute above quoted, we think there can be no question but what a party claiming an interest in the account is precluded by the statute from offering any evidence tending to show that the joint tenants intended a result different from that stated therein. The statute provides that *the opening of the account* shall be conclusive, etc., and this would cause one to think the legislature did not intend to affect accounts which already had been opened. The wording of Sec. 66, supra, lends strength to this position. We, therefore, hold that Sec. 38, supra, is not controlling so as to prohibit the introduction of evidence regarding those accounts which were opened prior to the statute.

■ It should be noted that Sec. 66 of the Act says that the *obligation* of the contract shall not be impaired by the provisions of the Act. It does not say that the *interpretation* thereof must ever remain the same. In fact, the interpretation of the contract of joint tenancy in this State has fluctuated from time to time as is shown in the case of Beehive State Bank v. Rosquist et al., 21 Utah 2d 17, 439 P.2d 468, 471, recently decided by this court. We there said:

> It seems to us that what all of the recent cases in Utah have been trying to say is this:

> If the contract between the parties ostensibly creates a joint tenancy relationship with full right of survivorship, there arises a presumption that such is the case unless and until some interested party shows under equitable rules that the contract should be reformed to show some other agreement of the parties or that the contract is not enforceable because of fraud, mistake, incapacity, or other infirmity.

> We hold that the law is as above indicated.

■ Since the appellant is not trying to reform the contract and is not claiming fraud, mistake, incapacity, or other infirmity, we think that it is conclusively bound by the contract as made and cannot show that the parties intended a result contrary to that which the law of joint tenancy relationship imposes.

The ruling of the trial court is affirmed, with costs to respondents.

CALLISTER, TUCKETT, and HENRIOD, J., concur.

CROCKETT, C. J., concurs in the result.