479 P.2d 472

Lee W. HOBBS, as Administrator with will annexed of the Estate of Joseph Buhler, Deceased, Plaintiff and Appellant,

v.

Ethel Jeanne Buhler FENTON and James E. Fenton, Defendants and Respondents.

No. 12105.

Supreme Court of Utah.

Jan. 12, 1971.

---

Crockett, J., concurred specially and filed opinion.

Richards & Richards, Edward F. Richards, Gary A. Frank, Salt Lake City, for plaintiff and appellant.

Edward W. Clyde, Salt Lake City, for defendants and respondents.

CALLISTER, Chief Justice:

Plaintiff, the duly qualified administrator of the estate of Joseph Buhler, who died testate in March of 1968, initiated this action to recover certain personal property, namely, stocks and a checking account from defendant, who claims the property as the surviving joint tenant. Plaintiff alleged that the property was held in joint tenancy with the decedent's daughter, the defendant, for the purpose of convenience. Plaintiff demanded that he, as administrator, be adjudged the owner of the personal property and entitled to the possession thereof, that defendant be declared to hold the property in trust and be required to make an accounting of all the transactions which occurred from the time that Joseph Buhler placed the first property in joint tenancy, and that defendant be compelled to execute such instruments as might be necessary to pass legal title to plaintiff. By answer, defendant asserted her ownership of the property and denied that plaintiff or the heirs of the estate possessed any rights thereto.

At the conclusion of a trial upon the merits, the court granted defendant's mo-

tion to dismiss and decreed that the properties which constituted the subject matter of the complaint were defendant's sole property and that plaintiff had no right, title, estate, or interest therein. The trial court observed that the complaint did not sound in fraud nor did plaintiff seek reformation of the contract, and even if these matters had been pleaded, there were no facts, in either event, to grant the relief sought.

On appeal, plaintiff has reargued the evidence in an attempt to prove that Joseph Buhler and his daughter did not intend by these written instruments to create a joint tenancy arrangement.

The findings of fact which are substantiated by the record reveal that decedent transferred all of his property to joint tenancy with defendant except for an unpaid judgment of $18,000. In the early 1950's decedent expressed an intent to distribute his property equally among his five children, but beginning in 1954 and continuing over the following eleven years, he transferred various stocks held by him into his and defendant's names as joint tenants with full rights of survivorship. In 1955, decedent consulted legal counsel and executed a deed placing his home and building lot in joint tenancy.[1] In 1962, he placed his checking account in joint tenancy. Decedent fully understood that by placing title to the stock, bank account, and home in joint tenancy with full rights of survivorship, the same would automatically vest full title to all of the property in the defendant upon his death and that decedent desired and intended such result. There has been no claim made and no evidence to indicate fraud, mistake, or undue influence. Plaintiff has not sought reformation of any written instrument, and the evidence does not reveal any basis therefor. In 1961, when decedent executed the will which was admitted to probate, he owned an automobile, some stocks, a judgment for $18,000, and his bank account. Subsequently, he disposed of the automobile and transferred the stocks and bank account to joint tenancy; the judgment (proceeds) is still distributable under the terms of the will.[2]

The bank account and stock certificates[3] constituted valid, enforceable written contracts. There were two grounds upon which plaintiff could assert his claim: one, the contract was void because of fraud, mistake, incapacity, or other infirmity; or, second, he was entitled to the equitable

---

1. This property was sold prior to his death and is not involved in this action.

2. The will bequeaths $100 to each of the three sons; the defendant and her sister are to receive all the remaining property equally.

3. "Besides acting as a muniment of title, a certificate of stock serves the additional purpose of expressing the contract which exists between the holder thereof, the corporation, and all other holders of stock therein. . . ." 18 Am.Jur.2d, Corporations, Sec. 246, p. 770.

remedy of reformation of a written instrument because such instrument failed through accident, mistake, or fraud, or a combination of fraud and mistake to express the real agreement or intention of the parties. The latter case is premised on the theory that the parties came to an understanding, but in reducing it to writing, through mutual mistake or mistake and fraud, some provision was omitted or mistakenly inserted, and the action is to change the instrument as to conform it to the contract upon which the parties had agreed.[4]

In the instant action, the following statement in Continental Bank and Trust Co. v. Kimball [5] resolves the issue:

> Since the appellant is not trying to reform the contract and is not claiming fraud, mistake, incapacity, or other infirmity, we think that it is conclusively bound by the contract as made and cannot show that the parties intended a result contrary to that which the law of joint tenancy relationship imposes.

The judgment is affirmed; costs are awarded to defendant.

TUCKETT, HENRIOD and ELLETT, JJ., concur.

CROCKETT, Justice (concurring specially):

I concur upon the basis of the law as stated in Hanks v. Hales, 17 Utah 2d 344, 411 P.2d 836, to which I refer in order to avoid repetition here. See also Greener v. Greener, 116 Utah 571, 212 P.2d 194. I am not sure that in practical application to any given fact situation there would be any substantial difference between the statement I refer to and the principle as stated in the main opinion. But in view of the fact that these joint tenancy account contracts are often used for some special purpose, in my judgment it is important to tie in certain previously expressed ideas: (1) that as to an account in joint tenancy there is a presumption that the agreement is as expressed therein; (2) that as to the depository, under its agreement, it would be protected upon payment to either joint tenant or his proper representative; (3) that as between the parties or their representatives the agreement is presumptively valid and must be given effect unless under equitable principles it is shown by clear and

---

4. See 45 Am.Jur., Reformation of Instruments, Sec. 2, p. 584; Restatement of Contracts, Sec. 504, p. 968: "Except as stated in Secs. 506 and 509–511, where both parties have an identical intention as to the terms to be embodied in a proposed written conveyance, assignment, contract or discharge, and a writing executed by them is materially at variance with that intention, either party can get a decree that the writing shall be reformed so that it shall express the intention of the parties, if innocent third persons will not be unfairly affected thereby."

5. 21 Utah 2d 152, 154, 442 P.2d 472, 474 (1968).

convincing evidence that there was a different arrangement or agreement between the parties. Analogous are situations where a deed, though absolute in its terms, under appropriate circumstances can be held to be in effect a mortgage as between the parties. See Corey v. Roberts, 82 Utah 445, 25 P.2d 940; Gibbons v. Gibbons, 103 Utah 266, 135 P.2d 105, and Thornley Land & Livestock Co. v. Gailey et al., 105 Utah 519, 143 P.2d 283.