**Patricia PETERSON, Plaintiff and Appellant,**

v.

**John S. PETERSON, Defendant and Respondent.**

**No. 15091.**

Supreme Court of Utah.

Nov. 10, 1977.

tion of a judgment for delinquent child support. Affirmed. Costs to defendant.

At the hearing on defendant's motion to set aside the garnishment execution, the evidence demonstrated that the garnished account was held in defendant's name; that only his name was on the bank's signature card and, therefore, only he was authorized to write checks against the account. However, defendant had not worked for over a year, and the funds in the account were almost exclusively derived from the paychecks of defendant's present wife; and these checks were routinely endorsed to the defendant by her and deposited by him. During the course of the year, defendant did deposit some of his funds in the account, but they amounted to less than $1,000. The money in the account was used for defendant's child support payments to plaintiff, totaling $1,200, as well as for the general living expenses of defendant and his wife. The defendant and his wife each considered the money in the account to be the wife's money though the defendant withdrew for his personal obligations more than he contributed to the account. On the basis of these facts, the District Court found that none of the money belonged to the defendant and all of the funds remaining in the account belonged to defendant's wife, and were not subject to garnishment for the defendant's debts.

■ Plaintiff asserts that the evidence shows that the defendant reduced his present wife's property to his possession, and it is therefore attachable by his creditors. This argument appears to be based on that part of the common law doctrine concerning the incapacity of married women to hold property in their own name which held that a woman's personal property vested in her husband absolutely.[1] The common law concerning the incapacity of a married woman to hold property has never been recognized in this jurisdiction, and was abrogated by statute even before Utah was admitted to statehood.[2] A wife's property

John L. McCoy of Ryberg & McCoy, Salt Lake City, for plaintiff and appellant.

Robert VanSciver, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiff appeals from an order of the Third District Court for Salt Lake County setting aside a garnishment execution and releasing funds deposited in a checking account held in the sole name of defendant at First Security Bank in Salt Lake City, which had been garnished by plaintiff, former wife of defendant, in partial satisfac-

1. See 41 C.J.S. Husband and Wife, Sec. 24 and 38 C.J.S. Garnishment, Sec. 79.

2. See present Secs. 30–2–1 through 30–2–10, Utah Code Ann. 1953. These statutes have

is not attachable for her husband's separate debts,[3] and therefore plaintiff's argument is without merit.

Plaintiff argues that defendant has not presented clear and convincing evidence sufficient to overcome the presumption that the funds belong to the defendant, in whose name they are held, and cites *Beehive State Bank v. Rosquist,* 21 Utah 2d 17, 439 P.2d 468 (1968), to support her position. Both plaintiff and defendant cite many cases which, like *Beehive* concern joint tenancy bank accounts.

Though this case does not pertain to this type of account, still there is a sufficient analog between joint tenancy accounts and the account in this case to pursue an analysis urged upon us by plaintiff.

There is no written document in the record on appeal between the defendant and his bank to review but rather an oral stipulation between the parties that "the account is in his (defendant's) name. He wrote the checks, and that he (sic) is the only name on the signature card." However the compelling inference from that stipulation with nothing else, is that defendant owned or had an interest in the subject funds. Of course, the statement of facts in this case, ante, shows that this stipulation is but one of several facts and is singular in sustaining plaintiff's contention of defendant's ownership of the funds.

■ We did hold in *Beehive* that the funds in an account are not subject to garnishment by a judgment creditor of one of the holders of a joint account if the judgment debtor has no equitable interest in the funds on deposit, and noted the many jurisdictions in accord with this rule.[4]

■ The party moving to dismiss or quash garnishment proceedings has the burden of proof. 38 C.J.S. Garnishment, Sec. 272(c). And plaintiff urges, as noted, that that proof must be established by defend-ant as movant to be by clear and convincing evidence.

This Court in *Beehive,* supra, stated:

If the contract between the parties ostensibly creates a joint tenancy relationship with full right of survivorship, there arises a presumption that such is the case unless and until some interested party shows under equitable rules that the contract should be reformed to show some other agreement of the parties or that the contract is not enforceable because of fraud, mistake, incapacity, or other infirmity. At p. 22, 439 P.2d at p. 471.

McCormick on Evidence, 2nd ed.; Sec. 340 asserts:

Among the classes of cases to which this special standard of persuasion (clear and convincing proof) has been applied are the following: (1) charges of fraud, and undue influence, (2) suits on oral contracts to make a will, and suits to establish the terms of a lost will, (3) suits for the specific performance of an oral contract, (4) proceedings to set aside, reform or modify written transactions or official acts on grounds of fraud, mistake or incompleteness, and (5) miscellaneous types of claims and defenses, varying from state to state, where there is thought to be special danger of deception, or where the court considers that the particular type of claim should be disfavored on policy grounds.

■ We agree with plaintiff that persuasion by defendant of a clear and convincing · nature is required in this matter, believing that there is a "special danger of deception" in cases such as this one but hold that the defendant sustained that burden and the evidence below was sufficient to support the Court's finding, especially in view of the fact that both defendant and his present wife testified that defendant had not been working and earning money for a year be-

---

remained substantially unchanged since 1898, when first passed by the Legislature sitting in Utah as a State, and have their inception in Territorial laws. See 2 Comp.Laws 1888, Secs. 2528 and 2640.

**3.** Sec. 30–2–5, Utah Code Ann. 1953.

**4.** See also 30 Am.Jur., Executions, Section 104 and the cases cited therein, and Rule 64D, Utah Rules of Civil Procedure.

cause of his medical problems and plaintiff presented no evidence to rebut that testimony.

MAUGHAN and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting):

This case does not involve any law relating to joint tenancy. It is a case of gift, pure and simple. If it be true that the second wife *earned* a part or all of the funds in the bank, it does not matter. Had she been a rich woman and given her husband the money, there would exist the same identical relationship between her and the account as would have existed if she had earned it.

When she turned the money over to her husband to go into his sole bank account, she completely divested herself thereof. He could have bought a car or gambled it away and she would have been helpless to prevent either activity. There was no trust involved, and I think the garnishment was legal.

ELLETT, C. J., also concurs in the dissenting opinion of CROCKETT, J.

CROCKETT, Justice (dissenting):

Just as real property is presumed to belong to the person who holds title, the money in a bank account is presumed to belong to the person in whose name it stands;[1] and for several reasons, including the fact that such a document or record of title represents to the world what the ownership is, the law regards them as having considerable sanctity, and they are not to be lightly disturbed.

Of course, it is not to be doubted that in exigent circumstances where by reason of fraud, mutual mistake of fact or for some other consideration of that character, equity and good conscience and the ends of justice require, other ownership may be recognized. However, it is obvious that if such ownership can be kept secret in the minds of the parties dealing with and seeking to protect the property, the door is open to duplicity and chicanery. For this reason the rule is well established that such reformation can be made only upon clear, convincing and persuasive evidence.[2] Specifically with respect to bank accounts, this Court has repeatedly held that the rights therein will be presumed to be as stated unless it is shown by clear and convincing evidence that the parties intended otherwise.[3] No less a standard of proof should be required when a bank account in a husband's name alone is claimed to be the sole property of the wife.

The defendant John S. Peterson and his present wife have it in their power to engage in deception and collusion to cheat his children by his prior marriage of their right to support money. Great caution should be observed to circumvent any such purpose. It also should be said that their testimony should be scrutinized with great caution because of their own self-interest;[4] and it should be realized that the plaintiff was at a disadvantage to ferret out and refute claims that they made as to their private arrangements as to this bank account. It is not indicated that the trial judge took into consideration the matters I have just discussed; nor did he indicate that the finding that the money did not in fact belong to defendant John S. Peterson was made on clear and convincing evidence.

For the reason above stated, I do not believe that the judgment vacating the garnishment rests upon a sound foundation and would reverse it.

1. *First National Bank of Portland v. Connolly,* 172 Or. 434, 138 P.2d 613 (1943); *Taliaferro v. Reirdon,* 186 Okl. 607, 99 P.2d 500; 9 C.J.S. Banks and Banking, §§ 285 and 327.

2. *Child v. Child,* 8 Utah 2d 261, 332 P.2d 981 (1958); *Northcrest, Inc. v. Walker Bank & Trust Co.,* 122 Utah 268, 248 P.2d 692 (1952); *Greener v. Greener,* 116 Utah 571, 212 P.2d 194 (1949).

3. See *Beehive State Bank v. Rosquist,* 21 Utah 2d 17, 439 P.2d 468 (1968) and cases cited therein.

4. *Jensen v. Logan City,* 96 Utah 522, 88 P.2d 459 (1939); *Moore v. Prudential Insurance Company of America,* 26 Utah 2d 430, 491 P.2d 227 (1971).