472 P.2d 426

In the Matter of the ESTATE of Frank J. SPITTERS, aka Frank Spader, Deceased.

Frances M. Newbold, Appellant.

No. 12012.

Supreme Court of Utah.

July 13, 1970.

of the administrator with the will annexed of the estate of Frank J. Spitters.

The appellant filed a petition in the probate proceedings for delivery to her of the bonds in question. Although no evidence was presented at the argument on the motion, the court denied the petition of the appellant and proceeded to order her to endorse and cash the bonds and deliver the proceeds thereof to the administrator of the estate forthwith. She appeals from the dismissal of her petition and from the order made.

The appellant claims that she is entitled to the bonds and the proceeds thereof under Treasury regulations reading:

> Sec. 315.66. After the death of the registered owner. If the registered owner dies without the bond having been presented and surrendered for payment or authorized reissue and is survived by the beneficiary, upon proof of death of the owner the beneficiary will be recognized as the sole and absolute owner, and payment or reissue will be made as though the bond were registered in his name alone (see Subpart L).

Don R. Strong, Provo, for appellant.

John A. Rokich, Magna, for the Executor.

Samuel E. Blackham, of Jensen & Jensen, Salt Lake City, for respondents.

ELLETT, Justice:

Frank J. Spitters, deceased, during his lifetime purchased a number of Series E bonds, some in joint tenancy or co-ownership with one of his daughters, the appellant herein, and some payable to her on his death. These bonds are in the possession

This section relates to the payment by the United States Government and has nothing to do with the ultimate rights of parties to the funds. If the law were to the effect that the payee of a bond had absolute title and ownership to the proceeds

thereof, then robbers, thieves, and embezzlers could prevent the true owner from recouping any loss by simply investing the wrongfully acquired funds in E bonds with himself or a convenient man of straw as the named payee thereon. While the Treasury Department would pay the proceeds only to the named payee, the money would be held subject to such rights of others thereto as a court in a proper proceeding might determine.

Instead of bringing an action in claim and delivery for the recovery of the bonds, the appellant filed a petition in the probate court to compel the administrator to deliver them to her.[1] The court did not err in denying the petition as filed. However, the order requiring appellant to cash the bonds and surrender the proceeds to the administrator is not justified.

In a proper proceeding the ultimate rights to the proceeds could be determined under the rule laid down in the recent case of Beehive State Bank v. Rosquist, 21 Utah 2d 17, 22, 439 P.2d 468, 471 (1968). We there said:

> If the contract between the parties ostensibly creates a joint tenancy relationship with full right of survivorship, there arises a presumption that such is the case unless and until some interested party shows under equitable rules that the contract should be reformed to show some other agreement of the parties or that the contract is not enforceable because of fraud, mistake, incapacity, or other infirmity.

Since these bonds create a relationship in the nature of joint tenancy, the proceeds therefrom would belong to the appellant unless the respondent could show under equitable rules that there was an agreement between the decedent and the appellant that the contract for the purchase of the bonds was to be different from that which appears on the face thereof or that there was some mistake made or fraud practiced upon the deceased by the appellant or that the deceased did not have the capacity to enter into the joint tenancy relationship at the time the bonds were purchased.

The order requiring the appellant to endorse and cash the bonds and deliver the proceeds to the administrator of the estate is set aside. No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

1. The petition did not set forth facts, sufficient to state a cause of action in the probate court. See In re McLaren's Estate, 99 Utah 340, 106 P.2d 766 (1940); In re Rice's Estate, 111 Utah 428, 182 P. 2d 111 (1947).