511 P.2d 153

**Frank SPADER and Margaret Nix, Plaintiffs and Appellants,**

**v.**

**Frances NEWBOLD and Louis Spader, Administrator of the Estate of Frank J. Spitters, also known as Frank Spader, Deceased, Defendants and Respondents.**

No. 13191.

Supreme Court of Utah.

June 20, 1973.

Samuel E. Blackham of Jensen & Lewis, Salt Lake City, for plaintiffs and appellants.

Don R. Strong, Springville, for defendants and respondents.

HENRIOD, Justice:

Appeal from a judgment holding that defendant Mrs. Newbold is the sole owner of certain U.S. Savings Bonds. Affirmed, with costs to defendant.

One Frank J. Spitters, better known as Frank Spader, purchased the bonds, some of which were made out in joint tenancy with right of survivorship in his and Mrs. Newbold's names, and some in his name payable on his death to Mrs. Newbold, who is one of nine Spader heirs, the other eight of whom are plaintiffs here claiming under a will executed by Spader in which a residue clause devised and bequeathed generally all of his property at the time of his death equally to the nine heirs. No heir knew the extent of his holdings, none ever saw or had any possession of any of the bonds before Spader's death, there is no evidence in the record of any agreement by any heir with Spader, and there is no evidence of any gift by writing or delivery, or by creation of a trust or anything else.

After Spader's death, the will was admitted to probate. Mrs. Newbold petitioned the court for an order requiring delivery of the bonds to her as sole owner, and that they were not assets of the estate. The other heirs objected to the petition, urging that 1) Mrs. N contributed nothing to the purchase; 2) there was no delivery or gift; 3) the will expressed equal sharing thereof by eight others; and 4) Spader had expressed such desire during his lifetime. Under the authorities, 1), 2) and/or 3) are not controlling factors in a joint situation like this involving the bonds. The record has no probative hint about the gratuity of 4) above other than the will. Nonetheless, two weeks later, the court without any reason assigned, not only denied Mrs. N's petition but without prayer or request by the other heirs, went further by ordering Mrs. N to endorse the bonds, cash them and deliver the proceeds to the administrator. This she refused. Contrariwise, she appealed to us, where unanimously we sustained her position as to the court's order to endorse and deliver, but refused to determine her right to sole ownership of the bonds until such time "as ultimate rights could be determined *in a proper proceeding*,"[1] "under the rule laid down in Beehive State Bank v. Rosquist."[2]

1. In re Spitters, 24 Utah 2d 372, 472 P.2d 426 (1970).

2. 21 Utah 2d 17, 439 P.2d 468 (1968), which said at p. 22, 439 P.2d at p. 471: "If the contract between the parties ostensibly creates a joint tenancy relationship with full right of survivorship, there arises a presumption that such is the case unless and until some interested party shows under equitable rules that the contract should be reformed to show some

We suggested also in Spitters what a proper proceeding might be when we said:

> Instead of bringing an action in claim and delivery for the recovery of the bonds, the appellant filed a petition in the probate court to compel the administrator to deliver them to her. The court did not err in denying the petition as filed.

Afterward, Mrs. N, referring to our decision, and basing her action thereon, filed a claim in the probate court "for recovery and delivery" of the bonds,—technically not a statutory "claim and delivery" action. Her claim and petition were ignored in the probate proceeding. Another unusual thing happened in the sequel to Spitters and the instant case. In the former, Mrs. N's petition for delivery was ignored and never mentioned again in the probate, while the plaintiffs filed their independent nonprobate action in what *was* in substance a claim and delivery action, without the damage trimmings. This was filed on March *17*, 1972, ten days before the estate was closed and final distribution decree was entered by the probate side of the court on March *27*, 1972. Since the administrator was made a party to the present action, one only can indulge in conjecture as to why the estate was closed while this suit was pending.

■■ The above backdrop brings us to the instant case,—not filed in the probate side of the court, but independent thereof, —brought, not by Mrs. N, but the other heirs. The fact that she did not file a complaint is of no import, because she comfortably was faced with no necessity to do so,—since she was protected by the prerogative of relying on the universally accepted principle that joint tenancy documents, be they bonds, bank or savings accounts, deeds, negotiable instruments or the like, mean what they say, and are invulnerable to any other meaning until attacked by someone. The latter, representing plaintiffs here, carries the burden of proving otherwise. Such proof usually must be by clear and convincing evidence, as espoused in one of our own cases cited even by plaintiffs in which we in turn cited another case with approval.[3]

The complaint in this case claims equal ownership of the bonds based on exactly the same reasons the plaintiffs assigned in the probate case incident to defendant's petition to establish her sole ownership in the bonds. Defendant here admits the pertinent allegations of the complaint and responds further with a so-what quaere. Counsel for *plaintiffs* asked for a trial setting. The case was assigned for trial. Both sides moved for summary judgment.

---

other agreement of the parties or that the contract is not enforceable because of fraud, mistake, incapacity, or other infirmity."

3. Culley v. Culley, 17 Utah 2d 62, 404 P. 2d 657 (1965).

Defendant's was granted, and a decree entered adjudging her to be the owner of the bonds and requiring delivery of them to her,—which judgment we affirm.

On appeal plaintiffs simply say: a) defendant's answer is not a cause of action against plaintiffs or defense to Spader's complaint; b) the bonds created no relationship between Spader and Newbold; c) deceased was owner of the bonds and upon his death they succeeded to his estate; and d) the findings do not support the judgment.

As to a): The issue of ownership was joined in an appropriate proceeding (first Spitters case, cited supra).

As to b) and c): These are non sequiturs not supported by the authorities.

■ As to d): Although the findings and conclusions may have been less articulate than might be desired and too lacking in specificity, the judgment in this case clearly reflects a decision endorsed by the authorities referred to in this decision applicable to similar facts,—or more accurately stated,—to the lack of facts. There was no reflection of any genuine issue of fact to pursue, since plaintiffs' contentions, if true and conceded to be true, could not have resulted in a reversal under any theory suggested.

CALLISTER, C. J., and CROCKETT, ELLETT and TUCKETT, JJ., concur.