**Joyce Shirley CHRISTENSEN, Plaintiff and Appellant,**

v.

**J. Clayde CHRISTENSEN, Defendant and Respondent.**

**No. 17084.**

Supreme Court of Utah.

May 1, 1981.

Robert C. Cummings, Gordon A. Madsen, Salt Lake City, for plaintiff and appellant.

George S. Diumenti, Bountiful, for defendant and respondent.

STEWART, Justice:

This is an appeal by Plaintiff, Joyce Shirley Christensen, from an order of the Third District Court modifying the child support provisions of a 1972 divorce decree which dissolved the marriage between her and defendant J. Clayde Christensen. At issue here is the modification of a provision in the decree. The original provision provided for basic child support payments of $12,000 per year, plus additional payments based on defendant's income. That provision, as modified by order of the district court on November 30, 1977,[1] states:

> IT IS ORDERED that in the event defendant's net income from his dental practice exceeds $24,000.00 per year as declared on his federal income tax return (before income taxes, but after professional dues and equipment and other like

---

1. The original decree was entered on October 26, 1972.

expenses of his profession), plaintiff is awarded as child support, in addition to the $12,000.00 per year hereinabove provided for, one-half of the excess of said net income over $24,000.00 after deduction from said net income of an amount equal to the income tax attributable to such increase.[2]

The district court in the instant case ordered modification of the support payments provision. The court deleted the provisions for supplemental child support money and substituted in its place an order that the defendant pay to plaintiff $185 per month child support for each child, to be increased to $200 per month per child when one of the children is no longer entitled to support payments.

■ The modification of divorce decrees is a matter of equity, and it is the duty and prerogative of this Court to review both the facts and the law. *Humphreys v. Humphreys*, Utah, 520 P.2d 193 (1974); *King v. King*, 25 Utah 2d 163, 478 P.2d 492 (1970); Utah Constitution, Art. VIII, § 9. However, it is likewise true that on review this Court will accord considerable deference to the judgment of the trial court due to its advantaged position and will not disturb the action of that court unless the evidence clearly preponderates to the contrary, or the trial court abuses its discretion or misapplies principles of law. *Fletcher v. Fletcher*, Utah, 615 P.2d 1218 (1980); *Carter v. Carter*, Utah, 563 P.2d 177 (1977); *Watson v. Watson*, Utah, 561 P.2d 1072 (1977); *Eastman v. Eastman*, Utah, 558 P.2d 514 (1976); *Harding v. Harding*, 26 Utah 2d 277, 488 P.2d 308 (1971).

■ A provision in a decree of divorce for child support and alimony may be modified by the district court pursuant to its continuing jurisdiction over the parties and the action. Section 30–3–5, Utah Code Ann. (1953), as amended. The burden rests with the party seeking modification to show a substantial change in circumstances such as to warrant a modification. *Kessimakis v. Kessimakis*, Utah, 580 P.2d 1090 (1978); *Gale v. Gale*, 123 Utah 277, 258 P.2d 986 (1953).

On February 17, 1978, less than three months after entry of the first order modifying the decree of divorce, the defendant filed the motion for modification of the decree at issue here. An affidavit in support thereof was supplemented by a second affidavit filed December 5, 1978.

The first affidavit alleged the following "substantial change of circumstances":

1. At the time the original decree was entered neither of the parties contemplated "that the defendant's income would increase 100% over a period of six years," which it had. The parties had contemplated that if defendant's income did increase "substantially, unpredictably and unforeseeably," that an adjustment in the computation of additional child support would be appropriate.

2. Because of increased costs of operation of defendant's dentistry practice, his profit margin has decreased even though his income has increased.

3. It was contemplated by the parties that plaintiff would after a "reasonable time" become employed, and she has not done so.

4. Subsequent to the divorce plaintiff remarried and then divorced again and realized a "substantial award" as a result, which neither of the parties had contemplated.

5. Defendant has remarried, which was contemplated, but has also fathered additional children, which was not contemplated.

6. Plaintiff has denied defendant his full visitation rights.

7. The cost of health and life insurance which defendant was required by the decree to keep in force has increased substantially in cost.

---

2. The modified provision is different in that it makes reference to income "as declared on [defendant's] federal income tax return." Further provisions in the order modifying the original decree required defendant to make his yearly income tax returns available to plaintiff, rather than his business records, and set out the procedure to be followed in making any supplemental payments found to be due.

8. Subsequent to the divorce defendant purchased disability insurance for the benefit of his children.

The second affidavit sets forth the following additional changed circumstances:

1. Defendant's 1977 tax returns showed a significant reduction in his gross income as compared with his income before and subsequent to the divorce.

2. The proportion of net income realized by defendant has substantially decreased since the divorce.

3. The changed circumstances alleged in defendant's first affidavit had become "significantly more substantial" in the interim.

Hearings were had on defendant's motion to modify on January 23, 1979, and December 4, 1979. Defendant's testimony and that of his accountant were directed toward an analysis of defendant's profit as a percentage of gross income, net income after tax, spendable income, and percentage of net income going to plaintiff for child support and alimony. Testimony was also given to support the other allegations found in defendant's affidavit.

The only issue which we need address here is whether the evidence showed a sufficient change of circumstances to warrant the modification. The record demonstrates that defendant entered into a stipulation for child support which was incorporated into the original divorce decree.

██ The record does not show a substantial change in circumstances necessary to support a modification of the decree.

Defendant has not attacked the propriety of the basic $12,000 per year child support he is obligated to pay. However, as his dentistry practice has improved, resulting in a higher net income therefrom, he is now reluctant to pass along a portion of that income for the support of his six children by plaintiff as he had originally agreed to do.

Defendant places particularly great weight on the fact that in the years since the original divorce decree his profit margin from his practice has decreased, although his net income has increased. The original provision for supplemental child support was based on his net *income*, not his profit margin. The only other complaint defendant makes concerning the original support provision is that it is cumbersome and results in difficulty in ascertaining the amount of supplemental support to be paid. Suffice it to say that in this regard defendant's accountant testified that the amount of supplemental support could be readily worked out.

██ The increasing cost of medical insurance is the other major change defendant complains of. He has no genuine basis for complaint. The evidence establishes that plaintiff informed defendant that she could provide medical insurance for the children at a nominal cost and was willing to do so. Defendant testified, however, that he had two children by his present wife and that the premium he pays is the same whether he has two dependents or ten. Thus, even if his children by plaintiff were removed from the coverage of his policy, his premium would be the same. Throughout the proceedings in the district court and on appeal defendant has maintained that the cost of the disability insurance he carries should be considered as a changed circumstance warranting modification. However, the original decree in no way requires him to maintain such insurance, and while it is laudable for him to do so in an effort to provide for his dependents in case of his disability, the situation does not present a reason for modifying the decree.

██ Finally, while it is possible that the fact that defendant has two children by his second marriage could show a change in circumstances substantial enough to warrant modification of child support payments, there is no evidence in the record to warrant so finding. It cannot be presumed that defendant's support obligation toward his six children by his prior marriage is changed by the fact he now has two additional children.

██ Because the record contains no substantial evidence of changed circumstances, the order of modification must be reversed. We need not, therefore, address the other issues raised by plaintiff. We wish, how-

ever, to comment on the lack of findings of fact and conclusion of law in the record, which plaintiff assigns as error.

In *Chandler v. West*, Utah, 610 P.2d 1299, 1301 (1980), this Court stated:

Findings of fact and conclusions of law may not be necessary in the *denial* of every action to modify a divorce decree, except to state that the change of circumstances does not warrant modification. [Emphasis added.]

Where, as here, however, the modification is granted, the district court should make findings to indicate the reasons why modification was found to be appropriate. The making of formal findings of fact and conclusions of law, whether the motion is granted or denied, materially assists the parties in determining whether there may be a basis for appeal, and if an appeal is taken, significantly assists this Court in its review.

Costs to plaintiff.

MAUGHAN, C. J., and HALL, HOWE and OAKS, JJ., concur.