**Robert STETTLER, Plaintiff and Respondent,**

v.

**Patsy Edwards STETTLER (Havas), Defendant and Appellant.**

No. 19156.

Supreme Court of Utah.

Sept. 20, 1985.

Edward B. Havas, Salt Lake City, for defendant and appellant.

Gerald E. Hess, Clearfield, for plaintiff and respondent.

HALL, Chief Justice:

Patsy Stettler (Havas) petitioned the district court for a modification of the parties' divorce decree. This appeal is from the order of the district court denying the modifications requested.

Robert Stettler, respondent here, and Patsy Stettler, appellant, were divorced on August 26, 1981. Under the terms of the stipulation entered into by the parties, custody of the parties' three children (two boys, one girl) was awarded to respondent, with full visitation rights by appellant. Appellant agreed to pay respondent $100 per month per child as partial child support. Respondent received the parties' home subject to a lien securing one-half of the equity in the home at the time of the decree to appellant. The equity was determined to be $39,054.28, one-half of which is $19,527.14. That flat amount was to be paid to appellant "upon sale of the home or upon the youngest child reaching 18 years of age whichever occurs first...." At the time of the decree, the youngest child was nine years of age.

Since the divorce, both parties have remarried and appellant has moved to California with her present spouse. Although

appellant was unemployed for several months after the divorce, both parties are now employed, as are their spouses. Respondent, the parties' two sons, respondent's new spouse, and her child live in the parties' home. Appellant, her spouse, and the parties' daughter live in a rented two-bedroom apartment in California.

In June 1982, the parties' daughter, Robyn, asked to live with her mother. Both parties agreed that the daughter's best interests would be served by transferring permanent custody to appellant. To that end, the parties signed a stipulation asking the district court to modify the divorce decree transferring permanent custody of the daughter to appellant. The parties further asked the court to grant each party visitation rights, for six weeks each summer, with the children in the other party's custody. The district court modified the decree of divorce as requested, signing the order on December 3, 1982.

On February 15, 1983, appellant filed an affidavit and petition for order to show cause requesting a modification of the divorce decree. Appellant asked the court to award her $150 per month child support for Robyn. Appellant also asked for contribution from respondent for the reasonable expenses incurred on Robyn's behalf from June 1982 until the date of hearing. Finally, appellant asked for modification of the decree to provide that appellant's equity in the parties' home be paid to her. Appellant's affidavit stated that she wanted to provide a proper home for her daughter and for her sons when visiting and could not do so absent her share of the equity in the parties' home.

Respondent replied, asking for dismissal of appellant's motion; for judgment against appellant for child support in arrears, including support for Robyn during the time Robyn had lived with her mother; for increased child support from appellant to respondent; and for attorney fees and costs. At the hearing on appellant's motion on March 11, 1983, appellant stipulated to the entry of judgment against her for arrears in child support of $875; the court so ordered. The court also found that the costs of support for the oldest boy, who was at that time 17, and the girl, who was then 14, offset each other. The court ordered that no support thus needed to be paid by either party for those children. The court refused to allow child support from respondent to appellant for any expenses incurred for support of Robyn from June 1982 to March 1983. The court also ordered appellant's support payments for the youngest boy reduced to $75 per month.[1] Finally, the court determined that there was no substantial change in circumstances that warranted modification of time for payment of appellant's half of the equity in the parties' house.

Modification of a divorce decree is a matter of equity.[2] Therefore, this Court can review both the facts and the law.[3] However, the Court accords considerable deference to the judgment of the trial court.[4] Its judgment will not be disturbed unless the evidence clearly preponderates to the contrary or unless the trial court abuses its discretion or misapplies principles of law.[5]

On a petition for a modification of a divorce decree, the threshold requirement for relief is a showing of a substantial change in circumstances occurring since the entry of the decree and not contemplated in the decree itself.[6] Under the facts of this case, the change in child custody and visitation rights since the original decree amounts to a substantial change in circumstances occurring since the entry of

---

1. Respondent does not appeal this judgment.

2. *Christensen v. Christensen,* Utah, 628 P.2d 1297, 1299 (1981).

3. *Id.*

4. *Id.*

5. *Id. See also Jeppson v. Jeppson,* Utah, 684 P.2d 69, 70 (1984).

6. *Lea v. Bowers,* Utah, 658 P.2d 1213, 1215 (1983). *See also Kessimakis v. Kessimakis,* Utah, 580 P.2d 1090, 1091 (1978).

the decree and not contemplated in the decree itself.

■ At the time of the divorce, respondent was awarded custody of all three children. The provision in the divorce decree providing that appellant's share of the equity in the parties' home not be paid to her until the youngest child reached age 18 or until the house was sold was made with the apparent intent that the children be provided a home to live in until they reached the age of majority. It is clear that no change in custody was contemplated by the parties. Now, however, appellant has permanent custody of one child and has the other two residing with her for six weeks in the summer. Thus, it also has become necessary for appellant to provide a proper home for those children to reside in. Absent her share of the equity in the parties' home, appellant apparently is financially unable to do so.

At the modification hearing, in rendering judgment, the trial court stated that "in fairness to [appellant] she ought to have her equity out of the house...." Thus, the trial court determined that the equities of the situation indicated that appellant should receive her share of the house equity. The trial court then, however, determined that there was not a substantial change in circumstances. The evidence in this case clearly preponderates to the contrary.

■ Since the trial court erroneously found that there was not a substantial change in circumstances, it did not address the question of whether that change, combined with attendant circumstances, warranted the modification requested. There was substantial evidence in the record which would appear to support appellant's assertion that respondent was financially able to pay appellant her share of the house equity. However, the evidence was insufficient for this Court to determine whether the exact modification requested was warranted by the circumstances. Upon remand then, the district court must address that issue.

Appellant's second point on appeal is that she is entitled to financial contribution from respondent for support and maintenance of Robyn from June 1982 until March 1983. Defendant relies on U.C.A., 1953, § 78–45–7(3) (Supp.1984), which states in pertinent part:

When no prior court order exists, the court shall determine and assess all arrearages based upon, but not limited to:

....

(b) the funds that have been reasonably and necessarily expended in support of ... children.

This reliance is misplaced. While prior to March 1983, no court order existed establishing the amount of support owed by respondent to appellant for the benefit of Robyn, a court order did exist regarding support payments for the benefit of Robyn. As part of the stipulation, at the time of the original divorce decree in August 1981, the parties agreed that appellant would pay respondent $100 per month for the support of Robyn. The court so ordered.

When Robyn went to live with appellant in June 1982, no attempt was made to terminate or modify this order of support. Later, in November 1982, the parties stipulated that permanent custody of Robyn should be transferred to appellant, but included nothing in that stipulation requiring respondent to contribute to Robyn's support. The district court modified the decree according to the terms of the stipulation in December 1982. Thus, appellant was given custody of Robyn, but the support order was not modified. In February 1983, appellant moved to further modify the decree, requesting for the first time contribution from respondent for Robyn's support.

■ Thus, while custody had changed, the order regarding support payments had not and was a valid existing order until March 1983. Therefore, by its express terms, section 78–45–7 does not come into play in this case.

■ Appellant also argues, however, that on equitable grounds alone, she is

entitled to contribution from respondent for support of Robyn from June 1982 until March 1983. As has been noted earlier, this Court gives considerable deference to the trial court in a divorce modification action and will not disturb its judgment absent an abuse of discretion. There does not appear to have been an abuse of discretion on this point.

Robyn went to live with appellant in June 1982. Custody was transferred *on the basis of stipulation of the parties* in December 1982. The stipulation contained no provision for support modification, although the parties had ample opportunity to do so. The trial court approved the parties' stipulation transferring custody and entered an order based thereon without any modification of the child support agreement. This Court will not now remake the parties' agreement and require respondent to contribute to Robyn's support for the contested period, when the parties themselves, in their stipulation, did not see fit to include it. The judgment of the trial court on this point is therefore affirmed.

Appellant's last contention on appeal is that the trial court erred in failing to specifically set forth the dollar equivalent of the support award granted for the benefit of Robyn. We agree.

When making a support award or a modification of a support award, the trial court should set forth specifically and in detail its findings regarding the modification.[7] Among these findings generally should be the specific dollar amount of child support awards. These findings not only assist the parties in determining whether an appeal should be taken, but also assist the Court in its review upon appeal.[8] In this case, the disparate ages of the children guaranteed that respondent's obligation to provide support for Robyn would continue several years past appellant's obligation to provide support for the eldest son. When the eldest son reaches majority, the cancelling effect ordered by the court ceases. Therefore, judicial econo-

my alone would dictate that the dollar amount should have been set so that respondent would know, without further petition to the court, how much he then owed for Robyn's support and how that amount related to the $75-per-month obligation of appellant for the youngest child.

The order of the district court is reversed in part, and the case is remanded to the district court for further proceedings and modification of the divorce decree in consonance with the views expressed herein.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

7. *Christensen, supra* note 2, at 1301.

