**Marilyn J. DURFEE (Wolf), Plaintiff and Appellee,**

v.

**Frank W. DURFEE, Defendant and Appellant.**

**No. 890221–CA.**

Court of Appeals of Utah.

Aug. 9, 1990.

J. Franklin Allred (argued), Salt Lake City, for defendant and appellant.

Ephraim H. Fankhauser (argued), Salt Lake City, for plaintiff and appellee.

OPINION

Before Judges DAVIDSON, BENCH and ORME, JJ.

BENCH, Judge:

Appellant appeals from a final order of the trial court which modified a divorce decree by increasing child support payments and denied appellant's counterpetition for modification. We affirm in part, but vacate the support award and remand the case for further proceedings and entry of additional findings.

Appellant Frank Durfee and appellee Marilyn Durfee were divorced in 1978. Appellee received custody of their two children, then aged two and six. Appellant was required to pay $150 per child per month as child support.

In 1988, appellee filed a petition to amend the decree of divorce and asked that child support be increased to a minimum of $300 per child per month. The suggested basis for the increase was that expenses for the two children had increased and that appellant's income had increased substantially since the original divorce decree was entered in 1978. Appellee also sought reimbursement for half of the medical, dental, and optical expenses incurred by the minor children which were not paid by insurance.

Appellant filed a counterpetition asking, in relevant part, that his obligation to pay support for the older son be terminated because the child lives with his maternal grandmother during the school year. Appellant also asked that appellee be required to execute the appropriate forms to allow appellant to claim the two children as exemptions on his state and federal income tax returns.

After a trial was held on January 13, 1989, the trial court entered an order on February 27, 1989 which increased child support to $323 per month for the younger child, then age 12, and $375 per month for the older child, then age 16. The trial court calculated these amounts based solely on the Uniform Child Support Guidelines, *Utah Code of Judicial Admin.*, Appendix H, (1988) (hereinafter referred to as the "1988 Guidelines").[1] The court also

---

1. Pursuant to section I, paragraph 5, of the 1988 Guidelines, the three-child schedule was used to

take into account appellant's duty to support the two children from his marriage to appellee, and

required each party to assume and pay half of the children's unpaid medical, hospital, dental, orthodontic, and optical expenses not paid by insurance. Furthermore, the trial court denied appellant's counterpetition.

## MATERIAL CHANGE IN CIRCUMSTANCES

Appellant argues that the trial court erred in finding a material change of circumstances due to an increase in appellant's gross income and an increase in the cost of providing for the children as they grow older.

Pursuant to Utah Code Ann. § 30–3–5 (1989), the trial court has continuing jurisdiction to modify child support obligations. "On a petition for a modification of a divorce decree, the threshold requirement for relief is a showing of a substantial change of circumstances occurring since the entry of the decree and not contemplated in the decree itself." *Stettler v. Stettler*, 713 P.2d 699, 701 (Utah 1985).

 The trial court found that appellant's gross income increased from approximately $29,000 per year in 1978 to approximately $45,000 per year in 1988 for an increase of approximately $16,000. Appellant contends that the trial court erred in determining his 1978 and 1988 salaries and that the actual increase was only approximately $9,000. The court's findings on this issue, however, are not clearly erroneous. *See* Utah R.Civ.P. 52(a); *Grayson Roper Ltd. Partnership v. Finlinson*, 782 P.2d 467, 470 (Utah 1989). In any event, the disparity was harmless since even the substantial increase proposed by appellant would have sufficed to establish a material change of circumstances.

 Appellant contends that "it could not reasonably be argued [that] such a modest increase in salary was not contemplated by the parties at the time of the entry of decree of divorce." The fact that

the parties may have anticipated an increase of income in their own minds or in their discussions does not mean that the decree itself contemplates the change. In order for a material change in circumstances to be contemplated in a divorce decree there must be evidence, preferably in the form of a provision within the decree itself, that the trial court anticipated the specific change. *See Christensen v. Christensen*, 628 P.2d 1297, 1300 (Utah 1981) (substantial, unexpected increase in father's income did not constitute a substantial change in circumstances when original divorce decree required father to pay supplemental child support payments equal to one half of his increase in income over a set amount); *see also Dana v. Dana*, 789 P.2d 726, 729 (Utah Ct.App.1990) (there was no substantial change in circumstances where the trial court reasonably anticipated that plaintiff would increase her earnings by a specific amount). Since the divorce decree at issue did not have a provision expressly anticipating an increase in appellant's income, and since appellant did not offer any evidence at trial that the trial court had previously anticipated the increase in income when the original divorce decree was entered, we find that the increase was not a material change in circumstances contemplated in the original divorce decree.

Since the substantial increase in appellant's income constitutes a material change of circumstances sufficient to provide a basis for modification of the decree, *see, e.g., Maughan v. Maughan*, 770 P.2d 156 (Utah Ct.App.1989), we need not address the issue of whether the aging of a child may also constitute a material change of circumstances.

## CHILD SUPPORT

Appellant next argues that the trial court erred in its determination of child support by applying the 1988 Guidelines without examining the actual expenses attributable

a child from his current marriage. The 1988 Guidelines were repealed in 1989. Effective April 23, 1990, new child support guidelines were adopted and codified at Utah Code Ann.

§§ 78–45–2 and 78–45–7.2 through –7.18 and apply to child support modifications on or after July 1, 1989.

to the children, and by not considering appellant's ability to provide support.

■ "The [trial court's] apportionment of financial responsibility between the parties will not be upset on appeal unless the evidence clearly preponderates to the contrary or we determine that the court has abused its discretion." *Ostler v. Ostler,* 789 P.2d 713, 715 (Utah Ct.App.1990) (citations omitted). We find that the trial court abused its discretion in failing to enter sufficient findings of fact to support the child support ordered.

The "Overview" section of the 1988 Guidelines clearly indicated that the guidelines were only advisory to the court. Section I, paragraph 1, stated that "[f]inal orders in all cases shall be made at the discretion of the court based upon the facts of the individual case." At the time of these proceedings, Utah Code Ann. § 78–45–7(2) (1987)[2] provided that

(2) When ... a material change in circumstances has occurred, the court, in determining the amount of prospective support, shall consider all relevant factors including but not limited to:

a) the standard of living and situation of the parties;

b) the relative wealth and income of the parties;

c) the ability of the obligor to earn;

d) the ability of the obligee to earn;

e) the need of the obligee;

f) the age of the parties;

g) the responsibility of the obligor for the support of others.

■ These factors "constitute material issues upon which the trial court must enter findings of fact." *Jefferies v. Jefferies,* 752 P.2d 909, 911 (Utah Ct.App.1988).

It is well-established that "[f]ailure of the trial court to make findings on all material issues is reversible error unless the facts in the record are 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.'" *Acton v. J.B. Deliran,* 737 P.2d 996, 999 (Utah 1987) (quoting *Kinkella v. Baugh,* 660 P.2d 233, 236 (Utah 1983). [These

findings] "should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached." *Id.* (quoting *Rucker v. Dalton,* 598 P.2d 1336, 1338 (Utah 1979). *Jefferies,* 752 P.2d at 911.

■ In this case, the trial court's findings are "clearly inadequate to demonstrate that the trial court considered the relevant factors in determining [the] child support awards. Detailed findings of fact and conclusions of law are necessary for this reviewing court to ensure that the trial court's discretionary determination of the ... child support awards was rationally based." *Stevens v. Stevens,* 754 P.2d 952, 959 (Utah Ct.App.1988). We further find that the facts in the record are not clear and uncontroverted in support of the amount of the child support awarded, which was based solely on the advisory amounts provided by the 1988 Guidelines. We therefore reverse the trial court's order increasing the amount of child support.

## EXTENDED ABSENCE OF CHILD

■ Appellant also argues that the trial court erred in denying his request to terminate child support payments to appellee for their oldest child because appellee did not maintain continuous physical custody of the child. The extended absence of the oldest child from appellee during the school year, however, did not extinguish appellant's obligation to provide adequate child support. *See* Utah Code Ann. § 78–45–3 (1987). The legal obligation to support one's child may only be terminated by the legal adoption of the child by another person. *See Riding v. Riding,* 8 Utah 2d 136, 139, 329 P.2d 878, 880 (1958). Appellant is therefore not excused from his obligation to support his oldest child simply because the child resides with and receives care from a third party, in this case his grandmother. *See In re Olson,* 111 Utah 365, 180 P.2d 210, 213–14 (1947) ("The fact that the maternal grandparents honored the request of the dying mother to look

2. Utah Code Ann. § 78–45–7 (1987) was amended in 1989. *See* note 1.

after the children certainly did not absolve the father of the duty to furnish them necessaries.'').

■ Although the child's extended absence from the appellee does not excuse appellant from his legal duty to provide support, we agree with appellant that the child support he provides must be applied to the child's care. We disagree with appellant, however, that such support payments must, as a rule, be delivered directly to the third party providing the care.

■ The means by which child support payments are made is to be designed by the trial court. Utah Code Ann. § 30-3-5(1) (1989). "The trial court may fashion such equitable orders in relation to the children and their support as is reasonable and necessary...." *Woodward v. Woodward*, 709 P.2d 393, 394 (Utah 1985). Typically, child support payments are made to the custodial parent because the custodial parent, by reason of physical custody, incurs the expenses of caring for the child. A trial court may, however, determine that it is in the best interest of the child to have support payments made directly to a third-party care provider during the child's extended absence. A trial court may, on the other hand, decline to order payments directly to the third party if it concludes that the support paid to the custodial parent will likely be applied to the care of the child during the extended absence. A trial court therefore has discretion to make such arrangements as may be required by the circumstances of a given case to ensure that a child receives the support ordered.

■ Testimony at trial indicated that appellee forwarded the child support payments to the grandmother for the benefit of the child while the child was living with the grandmother. Since the evidence was clear and uncontroverted that prior support payments had been applied to the support of the child, and since there was no indication that the payments would not in the future be applied to the support of the child, it was not an abuse of discretion for the trial court to deny appellant's counterpetition to terminate child support payments to appellee during the extended absence.

## CONCLUSION

We have reviewed the other issues raised by appellant and find them to be without merit.

We affirm the trial court's conclusion that a material change in circumstances has occurred. We also affirm the denial of appellant's counterpetition. We vacate the trial court's order increasing the amount of child support and remand the question of the amount of child support for further proceedings and entry of additional findings.

No costs or attorney fees awarded on appeal.

DAVIDSON and ORME, JJ., concur.