In the Matter of the ESTATE OF Kenneth Dale ASHTON, Plaintiff and Appellee,

v.

Steven ASHTON, Defendant and Appellant.

No. 900275–CA.

Court of Appeals of Utah.

Dec. 31, 1990.

---

Robert H. Wilde (argued), Midvale, for defendant and appellant.

John J. Borsos (argued), Salt Lake City, for plaintiff and appellee.

Before GARFF, JACKSON and ORME, JJ.

## OPINION

GARFF, Judge.

Appellant, Steven Ashton, appeals the order determining the heirs of his father, Kenneth Dale Ashton, claiming that the operative language of the will conveys only a life estate. The court, in an order dated December 1, 1989, determined that Ruth Elizabeth Ashton, the deceased's second wife, took the estate free and clear of all claims of the children. We reverse and remand.

## FACTS

Decedent, Kenneth Dale Ashton, and his first wife, Thelma, had four children. After Thelma died, Mr. Ashton married Ruth Elizabeth Ashton on August 30, 1985. On March 12, 1986 he executed a will. The relevant portion of the will, section v, reads as follows:

I give, devise and bequeath all of my property, real, personal or mixed, of whatever nature or wherever situated, which I may own or have the right to dispose of at the time of my death to my beloved wife, Ruth Elizabeth Ashton. She shall have the full enjoyment of the estate for as long as she desires or shall live.

On January 5, 1989, Mr. Ashton died and the will was admitted to probate. Mrs. Ashton objected to the appointment of the children as personal representatives because she was named in the will and was therefore preferred under the Utah statute. The court then appointed Mrs. Ashton as personal representative. The trial court concluded that Mr. Ashton, through his

will, left his entire estate to Mrs. Ashton "free and absolute of any claim of any other heir."

Steven Ashton appeals the court's conclusion that Mrs. Ashton inherited a fee simple interest rather than a life estate.

## AMBIGUITY AND TESTATOR'S INTENTIONS

We focus our attention on section v of the will and what appears to be ambiguous wording. The threshold question of whether a writing is ambiguous is one of law. Because the initial determination of whether a writing is ambiguous does not require resort to extrinsic evidence, we accord the trial court's interpretation no particular deference and we review for correctness. *Whitehouse v. Whitehouse*, 790 P.2d 57, 60 (Utah Ct.App.1990); *Grayson Roper Ltd. Partnership v. Finlinson*, 782 P.2d 467, 470 (Utah 1989).

■ If the will is ambiguous, any rule of construction normally used in other writings must yield to the intention of the testator as revealed in the instrument. *In re Johnson's Estate*, 64 Utah 114, 228 P. 748, 749 (Utah 1924); *In re Poppleton's Estate*, 34 Utah 285, 97 P. 138, 140 (1908). The factual issue of the decedent's intent is one we review with deference to the trial court's findings, if adequate, and we reverse only upon a finding of clear error. *In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989); Utah R.Civ.P. 52(a). In order to show clear error, the appellant "must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be 'against the clear weight of the evidence,' thus making them 'clearly erroneous.' " *Id.* (quoting *State v. Walker*, 743 P.2d 191, 193 (Utah 1987)).

■ In construing a will, a court must look to the testator's intent as expressed in the will. Utah Code Ann. § 75-2-603 (1978); *In re Estate of Gardner*, 615 P.2d 1215, 1217 (Utah 1980). The intent may be "ascertained not alone from the provision itself, but from a scrutiny of the entire instrument of which it is a part, and in the light of the conditions and circumstances in which the instrument came into existence." *Poppleton*, 97 P. at 140 (*quoting Adams v. First Baptist Church*, 148 Mich. 140, 111 N.W. 757, 11 L.R.A. (N.S.) 509, 515 (1907); *accord, Gardner*, 615 P.2d at 1217. Thus, extrinsic evidence may be used to ascertain what the testator intended.

■ Once a court determines intent, it must then "find the facts specially and state separately its conclusions of law thereon...." Utah R.Civ.P. 52(a). With some minor exceptions, failure to make findings on all material issues constitutes reversible error. *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987). The findings "must show that the court's judgment or decree 'follows logically from, and is supported by, the evidence.' " *Id.* (quoting *Smith v. Smith*, 726 P.2d 423, 426 (Utah 1986)). The findings also " 'should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.' " *Acton*, 737 P.2d at 999 (quoting *Rucker v. Dalton*, 598 P.2d 1336, 1338 (Utah 1979)).

■ The first sentence of the disputed passage appears to devise the entire estate to Mrs. Ashton in fee simple, while the last sentence suggests a life estate, making the clause ambiguous on its face. While the court did make findings in the present case, those findings pertain only to the dates of marriage, execution of the will, signing of an addendum, and of the death. The findings make no mention of the testator's intent or the conditions and circumstances surrounding the making of the will. Nor do the findings include subsidiary facts showing the steps leading to the court's conclusion that the decedent intended that Mrs. Ashton be the only heir, taking the estate free and absolute of any claim of any other heir.

Because the findings are insufficient to allow for adequate review, we remand for the trial court to make explicit, detailed findings as to the conditions and circumstances surrounding the making of the will,

the nature of the estate,[1] and finally the decedent's intent, and how that intent supports the court's conclusion.

Reversed and remanded for further proceedings consistent with this opinion.

JACKSON and ORME, JJ., concur.

---

1. A life estate, while sensible in the context of real estate, would be quite anomalous in the context of, say, cash. Other pertinent facts include that the testator called his attorney to specifically add the second sentence to the key provision after he reviewed it in draft; that no provision is made, in a will otherwise quite detailed and complex, for distribution of any life estate remainder interest; and that the decedent made ample provision for his wife through nontestamentary means such as insurance and joint tenancy.