**Roy B. MOORE, Plaintiff, Appellee, and Cross–Appellant,**

v.

**Lorna B. MOORE, Defendant, Appellant, and Cross–Appellee.**

No. 910174–CA.

Court of Appeals of Utah.

April 6, 1994.

John Walsh, Salt Lake City, for defendant, appellant.

Clark W. Sessions, Salt Lake City, for plaintiff, appellee.

Before BILLINGS, P.J., and BENCH and DAVIS, JJ.

## OPINION

BILLINGS, Presiding Judge:

Lorna B. Moore appeals from the trial court's order granting Roy B. Moore's petition to modify the parties' divorce decree. Principally, Mrs. Moore complains that the trial court erred in finding a substantial change in her material circumstances and in reducing her alimony award from $1050 per month to one dollar per month three years after the filing of the present action. Mr. Moore has filed a cross-appeal claiming the court erred in continuing alimony at $1050

---

per month for three years. We reverse and remand for reinstatement of the original alimony award.

## FACTS

The parties were married in Elko, Nevada, on March 25, 1964, and had three children during the course of their sixteen-year marriage. All three children have reached majority. In 1980, the parties entered into a stipulation and property settlement agreement, which became the basis for a divorce decree entered on December 23, 1980. At the time of the divorce, the parties had an adjusted gross income of $40,996, the majority of which was Mr. Moore's income as Mrs. Moore was employed part-time for five dollars an hour. At the time the decree was entered, the parties had discussed Mrs. Moore's plan to recertify as a school teacher or to obtain a master's degree in sociology.

Pursuant to the decree, Mr. Moore was required to pay $1150 per month in alimony during the first year following the divorce and $1050 per month thereafter. Additionally, the divorce decree divided the parties' marital property and required Mr. Moore to pay $750 per month in child support. This support obligation ceased when all three children reached the age of majority.

In October 1989, Mr. Moore filed a petition for modification of the divorce decree asking that his alimony obligation be terminated. The trial court determined that a substantial change of material circumstances had occurred because the parties' children had become emancipated and Mrs. Moore then had a stable income. In its written findings, the court found that Mrs. Moore had a monthly income of $1373—the same amount she would have earned if she had been employed as a school teacher at the time of the divorce. Moreover, the court found that Mrs. Moore had reasonable monthly expenses of $2783.87. The court also determined that Mr. Moore's income had increased since the entry of the divorce decree from $40,000 per year to $120,000 per year. Based on these findings, the trial court granted Mr. Moore's request to modify the divorce decree and reduced alimony from $1050 per month to one dollar per month beginning November 1992. This appeal followed.

## SUBSTANTIAL CHANGE OF MATERIAL CIRCUMSTANCES

■ Mrs. Moore argues that the trial court erred in finding that a substantial change of material circumstances had occurred since the decree was entered, affecting the issue of alimony. This court will not overturn a trial court's modification of a divorce decree absent a clear abuse of discretion or manifest injustice. *Maughan v. Maughan,* 770 P.2d 156, 161 (Utah App. 1989). This court must consider whether the findings of the trial court adequately support the determination that there has been a substantial change in the parties' material circumstances. In this regard, "the trial court must make findings on all material issues, and its failure to delineate what circumstances have changed and why these changes support the modification made in the prior divorce decree constitutes reversible error unless the facts in the record are clear, uncontroverted and only support the judgment." *Whitehouse v. Whitehouse,* 790 P.2d 57, 61 (Utah App.1990); *accord Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987). " 'On a petition for a modification of a divorce decree, the threshold requirement for relief is a showing of a substantial change of circumstances occurring since the entry of the decree and *not contemplated in the decree itself.*' " *Durfee v. Durfee,* 796 P.2d 713, 716 (Utah App.1990) (emphasis added) (quoting *Stettler v. Stettler,* 713 P.2d 699, 701 (Utah 1985)).

■ In determining there had been a change in Mrs. Moore's circumstances, the trial court considered the emancipation of the three children to be a substantial change of material circumstances. We need not decide whether a child reaching majority constitutes a substantial, material change in circumstances as it certainly is a circumstance that was contemplated at the time the decree was entered. *See id.* at 713. The divorce decree provided that Mr. Moore would pay $750 per month in child support until the children

reached majority.[1] Moreover, the decree provided for permanent alimony separate from the child support. Therefore, the plain language of the divorce decree demonstrates the parties agreed that even once the children reached majority, Mr. Moore would continue to pay alimony.

The trial court further determined that Mrs. Moore's employment and stable income constituted a substantial change in material circumstances. However, the court in its own findings makes clear that this circumstance was also contemplated at the time the decree was entered. Although Mrs. Moore is currently employed and earns $1373.22 per month, in its findings of fact the court stated "[t]hat [Mrs. Moore's] income now is at or about what her income would have been at the time of the Decree of Divorce in 1980, had she been employed as a school teacher at that time."

 The fact that Mrs. Moore presently has a stable income cannot be considered a change in circumstances. The parties obviously contemplated that Mrs. Moore would earn approximately $1300 at the time the divorce decree was entered. Mrs. Moore's stable level of income was anticipated at the time of the divorce when the original alimony award was set. Thus, the court incorrectly determined that Mrs. Moore's present, stable income was a substantial change in her material circumstances.

In sum, the court's findings do not support a determination that a substantial change in material circumstances not contemplated at the time of the entry of the original decree has occurred. We therefore reverse the court's determination of a substantial change in circumstances and remand for a reinstatement of the original $1050 alimony award.[2]

## ATTORNEY FEES ON APPEAL

Mrs. Moore seeks an award of reasonable attorney fees incurred on appeal. " 'Ordinarily, when fees in a divorce were awarded below to the party who then prevails on appeal, fees will also be awarded to that party on appeal.' " *Bell v. Bell,* 810 P.2d 489, 494 (Utah App.1991) (quoting *Burt v. Burt,* 799 P.2d 1166, 1171 (Utah App.1990)). Mrs. Moore was awarded attorney fees below and because she has prevailed on appeal she should be awarded reasonable attorney fees. We remand for determination of the amount of those fees.

## CONCLUSION

We reverse the trial court's determination that there has been a substantial change of material circumstances not contemplated by the parties at the time of the divorce decree, and remand for reinstatement of the original $1050 alimony award. The trial court erred in determining that the emancipation of the parties' children was a substantial change in circumstances not contemplated by the parties at the time of the decree. Further, it is clear from the court's findings that Mrs. Moore's current salary was contemplated by the parties at the time the original decree was entered. Thus, no substantial change in material circumstances has occurred. Accordingly, we reverse and remand for the reinstatement of the original alimony award and for the assessment and award of reasonable attorney fees incurred in this appeal by Mrs. Moore.

BENCH and DAVIS, JJ., concur.

---

1. "The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage." Utah Code Ann. § 15–2–1 (1992).

2. We do not consider the other issues concerning alimony raised in the appeal and cross-appeal because our holding that no substantial change of circumstances has occurred makes reaching these issues unnecessary.