**In the Matter of the ESTATE OF Kenneth Dale ASHTON, Deceased.**

**Ruth E. ASHTON, Appellant,**

v.

**Steven ASHTON, Kim Ashton, Mark Ashton, and Linda Ashton Manis, Appellees.**

**No. 940696–CA.**

Court of Appeals of Utah.

June 29, 1995.

their clients fully understand the contents of the [plea] affidavit." *Gibbons*, 740 P.2d at 1313.

John J. Borsos and Gary J. Bell, John J. Borsos, P.C., Salt Lake City, for appellant.

John K. Rice, Midvale, for appellees.

Before DAVIS, Associate P.J., and BENCH and WILKINS, JJ.

## OPINION

BENCH, Judge:

Ruth Elizabeth Ashton appeals the trial court's decision to include in Kenneth Dale Ashton's estate property that was jointly held by her and Mr. Ashton. We reverse in part, and remand.

## FACTS

Mr. and Mrs. Ashton were married in August 1985. Mr. Ashton had four adult children from a previous marriage and Mrs. Ashton had three adult children from a previous marriage. During their marriage, Mr. and Mrs. Ashton held title to various properties as joint tenants, tenants in common, or in their individual names. Mr. Ashton died on January 5, 1989.

Following Mr. Ashton's death, the trial court appointed Mrs. Ashton as personal representative of Mr. Ashton's estate and subsequently ruled that Mrs. Ashton was the sole heir of Mr. Ashton's estate. Mr. Ashton's children appealed the trial court's ruling that Mrs. Ashton was the sole heir of Mr. Ashton's estate. This court reversed and remanded for findings with respect to "the conditions and circumstances surrounding the making of the will, the nature of the estate, and finally the decedent's intent...." *Estate of Ashton v. Ashton*, 804 P.2d 540, 542–43 (Utah App.1990). This court recognized that Mr. Ashton had "made ample provision for his wife through nontestamentary means such as ... joint tenancy." *Id.* at 543 n. 1.

On remand, the case was assigned to a different judge and consolidated with another case brought by Mr. Ashton's children who also sought an injunction that would prohibit Mrs. Ashton from rewriting her own will or wasting any of the property in Mr. Ashton's name. The trial court issued a bench ruling denying Mrs. Ashton a fee simple interest in the estate and denying her request that her attorney fees be paid by the estate as administrative expenses. In its written judgment, findings of fact, and conclusions of law, the trial court ruled that Mr. Ashton's estate included all properties that were held by Mr.

and Mrs. Ashton as joint tenants. Mrs. Ashton appeals the trial court's ruling with respect to the property held in joint tenancy and its denial of her request for attorney fees.

## ANALYSIS

### Joint Tenancy

■ Mrs. Ashton argues that the trial court erred by including in Mr. Ashton's estate property that, at the time of his death, was held by both parties as joint tenants with full right of survivorship. We agree.

■ When title to property is held in joint tenancy with right of survivorship, a rebuttable presumption arises that the title holders intended to create a valid joint tenancy. *See Spader v. Newbold,* 29 Utah 2d 433, 435, 511 P.2d 153, 154 (1973); *Culley v. Culley,* 17 Utah 2d 62, 63, 404 P.2d 657, 658 (1965). A party challenging the validity of a joint tenancy bears the burden of proving by clear and convincing evidence that at the time title was taken by the joint tenants there was no intention to create a valid joint tenancy with right of survivorship. *Spader,* 511 P.2d at 154; *Culley,* 404 P.2d at 658 n. 1; *see also* 48A C.J.S. *Joint Tenancy* § 3 (1981) ("in view of the presumption of donative intent in favor of the survivor of a joint tenancy, one claiming against such survivor must prove the absence of donative intent by clear and convincing evidence such that no reasonable doubt is left in the mind of the trier of fact.")

In the present case, Mr. and Mrs. Ashton held properties that each brought into the marriage, as well as after-acquired property, as joint tenants with right of survivorship. The trial court's findings focus on Mr. Ashton's intent when he created his will and not on his intent when the joint tenancies were created.[1] Mrs. Ashton does not challenge the findings of fact, but instead argues that the findings do not support the court's conclusion that property held in joint tenancy should be included in Mr. Ashton's estate.

Because Mrs. Ashton does not challenge the findings, we assume that "the record supports the findings of the trial court...." *Ohline Corp. v. Granite Mill,* 849 P.2d 602, 604 (Utah App.1993).

The trial court's findings must be adequate to support its ultimate conclusion that joint tenancy property should be included in Mr. Ashton's estate. *See, e.g., Durfee v. Durfee,* 796 P.2d 713, 717 (Utah App.1990) (holding that findings must be adequate to demonstrate that trial court considered relevant factors in making its ultimate conclusion). Because the trial court's findings address only Mr. Ashton's intent when he created his will, the findings do not support its conclusion that Mr. Ashton did not intend to create the joint tenancies. *Id.*

We conclude that the trial court's findings do not support its conclusion that Mr. Ashton did not intend to create the joint tenancies. We therefore conclude that the trial court erred by including the joint tenancy property in Mr. Ashton's estate.

### Administrative Expenses

■ Mrs. Ashton argues that the trial court erred by denying her request to have Mr. Ashton's estate pay her attorney fees as administrative expenses payable to the personal representative. We disagree.

Utah Code Ann. § 75–3–719 (1993) provides that "[i]f any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not, he is entitled to receive from the estate his necessary expenses and disbursements, including reasonable attorneys' fees incurred." *Id.* In the present case, Mrs. Ashton incurred her attorney fees in her role as a claimant with interests that conflict with other heirs to the estate, not as personal representative for the estate. We therefore conclude that the trial court did not err by denying Mrs. Ashton's

---

1. Mr. Ashton's intent when he executed his will does not rise to the level of clear and convincing evidence that he did not intend to create the joint

tenancies. *See Spader,* 511 P.2d at 154; *Culley,* 404 P.2d at 658 n. 1.

request that the estate pay her attorney fees as administrative expenses.

## CONCLUSION

The trial court erred by including property in Mr. Ashton's estate that was held in joint tenancy. The trial court did not err by denying Mrs. Ashton's request that the estate pay her attorney fees as administrative expenses.[2]

Reversed in part, and remanded for further proceedings consistent with this opinion.

DAVIS, Associate P.J., and WILKINS, J., concur.

2. Mr. Ashton's children request attorney fees and costs on appeal; however, they provide no legal basis for their request. The request for attorney fees and costs on appeal is therefore denied.